**Pauline A. DIGIACOMO, Defendant Below, Appellant,**

v.

**BOARD OF PUBLIC EDUCATION IN WILMINGTON, Plaintiff Below, Appellee.**

Supreme Court of Delaware.
Submitted: Jan. 21, 1986.
Decided: March 26, 1986.

---

Harvey Bernard Rubenstein, Wilmington, for appellant.

J.R. Julian and Roger A. Brown, Wilmington, for appellee.

Before CHRISTIE, C.J., and McNEILLY and WALSH, JJ.

WALSH, Justice:

This is an appeal from a partial denial by the Superior Court of attorney's fees sought by a successful claimant in an appeal from the Industrial Accident Board ("Board"). Claimant contends that the Superior Court abused its discretion in limiting the award of counsel fees to those issues sustained on appeal even though there was a total affirmance of the award. We agree and reverse.

I

Although neither claimant nor the employer has appealed from the Superior Court's affirmance of the Board's award, the attorney's fee dispute is best understood in the context of the underlying claim to workmen's compensation. In 1983, claimant petitioned the Board for additional compensation due to an alleged increase in permanent, partial impairment of her back and right leg attributable to a 1972 injury which was the subject of a compensation agreement with her employer. In addition to seeking increased compensation, claimant sought payment for certain diagnostic treatments, thermograms, ordered by her treating physician in 1981 and 1983. The employer challenged both claims before the Board.

The Board conducted an evidentiary hearing at which it received the testimony of several witnesses, including three physicians. In its opinion of December 12, 1983, the Board concluded that claimant was entitled to additional compensation in the following areas: an increase of five percent permanent partial disability to the lower back; an increase of eight percent permanent partial disability to her right leg; and the cost of the thermograms ordered by claimant's treating physician. The Board also awarded claimant medical witness fees as well as attorney's fees under the formula set forth in 19 *Del.C.* § 2127(a).

In concluding that the cost of thermograms was compensable as "reasonable and necessary tests ordered by a treating physician" the Board applied an evidential standard that was apparently without precedent. It held that tests ordered by a treating physician are "prima facie reasonable and necessary" with the burden on the employer to rebut the effect of the presumption. Although the Board concluded that the employer had not presented evidence to overcome the presumption, it further held that even without application of its *prima facie* standard, the evidence supported a finding that the thermograms were reasonable and necessary.

On appeal, the Superior Court, in a carefully reasoned opinion, affirmed the award *in toto*. In ruling upon the employer's responsibility to pay for the thermograms, however, the Superior Court rejected the

Board's *prima facie* standard as beyond the Board's statutory powers. Instead, the court affirmed the thermogram award on the alternative basis expressed by the Board. It ruled that the Board's finding that the tests were reasonable and necessary was supported by substantial evidence. No appeal was taken from the Superior Court's affirmance of the Board.

Following the Superior Court affirmance, claimant's counsel sought an award of counsel fees for services on appeal, pursuant to 19 *Del.C.* § 2350(f),[1] at the rate of $150 per hour for 71.75 hours. The employer opposed the fee application on the ground that the hourly rate was excessive and that certain hours claimed were attributable to arguments on which claimant was not successful. The Superior Court, applying the factors listed in the Delaware Lawyers' Code of Professional Responsibility DR 2–106, as amplified by this Court's decision in *General Motors Corp. v. Cox*, Del. Supr., 304 A.2d 55 (1973), awarded a fee which reflected an hourly rate of $133 for 57.4 hours of service on appeal.

The Superior Court adjusted the employee's counsel fee request in two respects: hourly rate and number of hours. With respect to the former, the reduction of the hourly rate seems fully supportable and, indeed, claimant does not dispute this finding. With respect to the reduction of compensable hours, however, the court did not question the number of hours claimed to have been devoted to the appeal but adopted an issue approach in considering their compensability:

Time and labor required, the novelty and difficulty of the questions involved, and skill requisite to perform the legal services properly. This Court finds that Mr. Rubenstein spent 71.75 hours on the appeal. This Court does not find the issue of additional permanency to be unusual. *The question of whether thermography was an acceptable and necessary test obviously posed novel questions but the claimant was not successful on this issue.* (emphasis supplied)

Although this language suggests that the Court below considered the employee unsuccessful on the thermogram expense it clarified its ruling later in its opinion.

The Court again referred to the issue benchmark in noting that "of the five issues raised by the employer on the appeal, the Court reversed the Board's decision on reassignment of the burden of proof and medical expense petitions." This reference is obviously to a single issue since the Court's disallowance was limited to twenty percent.[2]

## II

■ The award of counsel fees incident to an award of compensation for an industrial accident or disease is statutorily controlled. Under the authority of 19 *Del.C.* § 2127, the Board may allow a fee to a successful claimant "for services before the Board" in accordance with a fixed statutory formula (thirty percent of the award or $2,250, whichever is smaller). No other fee is authorized, nor may an attorney seek additional compensation, if the matter ends at the Board level. If, how-

---

1. Section 2350(f) provides:

   (f) The Superior Court may at its discretion allow a reasonable fee to claimant's attorney for his services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant has prevailed in his hearing before the Board and is affirmed on appeal. Such fee shall be taxed in the costs and become part of the final judgment in the cause and may be recovered against the employer or employer's insurance carrier.

2. In its earlier opinion affirming the Board's award, the Court listed the employer's "challenges" to the Board's findings as (1) failure of the employer to receive notice of employee's claim for additional compensation; (2) abuse of discretion by the Board in granting relief beyond what the claimant sought; (3) the evidence did not support the claimant's contention of increased leg impairment; (4) the creation of the "presumption rule" improperly shifted the burden of proof; and, (5) the thermograms were not reasonable and necessary to treatment and thus not compensable.

ever, it is necessary for the employee to defend the award on appeal, § 2350 authorizes the award of an additional fee, to be taxed against the employer, for services on appeal if the employee is successful in sustaining the award. Unlike the fixed standard in § 2127, an award of reasonable counsel fees under § 2350 involves the exercise of judicial discretion. In addition to the factors set forth in the Delaware Lawyers' Code of Professional Responsibility DR 2–106(B), the court is required to consider the employer's ability to pay and whether the employee's counsel has received, or expects to receive, compensation from any other source. *Cox*, 304 A.2d at 57. Since we are here concerned with a fee awarded under § 2350, we review the exercise of discretion under the usual standard that, absent abuse or error of law, the ruling of the court below will not be disturbed. *See Pitts v. White*, Del.Supr., 109 A.2d 786 (1954).

■ In awarding counsel fees through an issue formula which arbitrarily reduced the compensability of hours presumed to have been spent on issues which did not affect the outcome of the appeal or reduce the Board's award, the Superior Court abused its discretion. We recognize that an issue allocation may sometimes prove to be an appropriate factor for measuring compensability in certain cases, but it was clearly irrelevant here. The touchstone for an award of counsel fees on appeal is success. *See Petrea and Son Oil Co. v. Moore*, Del.Supr., 442 A.2d 75 (1982).

■ In measuring the efforts of counsel in defending an appeal from the Board the court must recognize that the framing of appellate issues is the prerogative of the employer-appellant, not the employee. Moreover, in defending the appeal the employee is, in a sense, the captive of the Board's ruling, particularly if the employee

has filed no cross-appeal. Where, as here, the Board's award is cast in alternative grounds, the merit of which the employee is unable to predict, the employee can hardly disavow any portion of the Board's ruling which favors him. Unless the Board's ruling or reasoning is patently frivolous, the employee is obligated to attempt to have it sustained through every reasonable effort. In this case, the Board's attempt to fashion a presumption based on the *bona fides* of the treating physician, while lacking specific statutory authority, was arguably within its administrative authority.[3]

■ The issue standard applied in this case produces an anomalous result. Even though the employee was successful in sustaining the total award of compensation, her attorney will be compensated on the basis that she was only eighty percent successful. By the same reasoning, if her counsel had conceded error on the presumption issue and devoted no part of his appeal time to that issue, presumably he would have been compensated on the basis of total time spent achieving the same result. Whether this approach would have yielded only eighty percent of the amount claimed in this case is pure conjecture. If, on the other hand, the court had approved the Board's presumption standard and sustained the thermogram award without addressing the alternative ground advanced by the Board, it could be argued that the employee had succeeded on only four of the five issues presented and, even though the award was not diminished, the allowable fee was subject to reduction. Counsel should not be required to engage in such speculation or assume such risks on behalf of his client in order to secure full compensation for the sustaining of the Board's award.

---

**3.** Although the Board is guided by the rules of evidence as they apply in the Superior Court, it is permitted to disregard the customary rules of evidence if the probative value of evidence offered finds common acceptance "by reasonably prudent men in the conduct of their affairs."

Board Rules 14(B). *See General Chemical Division, Allied Chemical & Dye Corp. v. Fasano,* Del.Super., 94 A.2d 600 (1953) (Some relaxation of technical rules of evidence is justified by the nature of the proceedings and spirit of the chapter).

Although we here find an abuse of discretion under the unusual facts of this case, we hasten to add a caveat. The significance of issues and the success, or lack of success, in sustaining them are appropriate factors in consideration of fees provided they affect the award. But an issue-based award may not depend on academic rulings or merely resolve a precedent which the employer considers unsettling but which does not change the result in the case under review.

### III

Claimant also appeals from the ruling of the Superior Court which denied any fee allowance for time devoted to preparing and presenting the fee application. The Superior Court ruling was apparently based on two unreported decisions of the Superior Court, which denied such recovery on the ground that § 2350(f) is limited to work related to the appeal, not to subsequent action for fees. The statute, of course, contains no such express restriction, and, bearing in mind the remedial purpose of the statute, we take a contrary view.

Though applying at different levels of the adjudicative process, §§ 2127(a) and 2350(f) share a common intention: that an employee pursuing a meritorious claim for workmen's compensation not be required to pay counsel fees from the proceeds of the award. Section 2127 insures this result expressly by its language. Section 2350, by implication, seeks to preserve the award intact by taxing the cost of services at the appellate level against the unsuccessful employer. To the extent that the attorney must expend additional time to secure the statutorily authorized fee, he will either remain uncompensated or seek compensation from his client, a result prohibited by § 2127(a) but not by § 2350(f). Either course is inimical to the interests of the employee and ill serves the legislative purpose of relieving the employee of the burden of civil litigation. *See Champlain Ca-ble Corp. v. Employers Mutual Liability Ins. Co.,* Del.Supr., 479 A.2d 835 (1984).

In holding that it is appropriate to award attorney's fees for time spent in determining the amount of the fee award we adopt the rationale of the Third Circuit Court of Appeals in *Bagby v. Beal,* 606 F.2d 411 (1979). In *Bagby* the court noted that disallowance of time spent in fee application results in a corresponding decrease in the effective rate for total hours expended on behalf of the client. Moreover, where the additional fee sought is payable from a separate fund, statutorily established, and not from the award or claim secured by the client, there is no risk that the common fund will be decreased to the detriment of the claimant.

Having determined that the Superior Court may award counsel fees for time spent in fee application in successful appeals from the Industrial Accident Board, we note that the amount of such fees is within the discretion of the court. The employer's fear that allowing such petitions will provide an incentive to a successful claimant's attorney to eschew compromise of the underlying fee application is a legitimate one. In fixing an appropriate fee, the court should consider the scope of settlement negotiations, if any, with respect to the underlying attorney's fee and the reasonableness of the positions there asserted. The court should not reward obstinancy nor permit the fee application to become, itself, the focus of the appeal.

\*        \*        \*

The decision of the Superior Court is REVERSED and the matter REMANDED to permit the Superior Court to enter an award of counsel fees consistent with the standards here announced.