**Kathleen S. POLLARD, Plaintiff Below, Appellant,**

v.

**THE PLACERS, INC., Defendant Below, Appellee.**

**No. 257, 1997.**

Supreme Court of Delaware.

Submitted: Sept. 23, 1997.

Decided: Dec. 15, 1997.

Rehearing Denied Jan. 8, 1998.

Harvey Bernard Rubenstein, Wilmington, for Appellant.

Natalie S. Wolf, of Young, Conaway, Stargatt & Taylor, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT and BERGER, JJ., constituting the Court en Banc.

BERGER, Justice:

In this workers' compensation case, we review the adequacy of an award of attorneys' fees. The Superior Court awarded substantially less than the amount appellant requested, based upon its finding that only a portion of the attorney's time was successful and its determination of a reasonable hourly rate, under the circumstances. We find that the Superior Court correctly applied the law

and acted well within its discretion. Accordingly, we affirm.

## I.  Factual and Procedural Background

In 1994, Kathleen S. Pollard injured her left foot while at work. The injury left a permanent reddish scar approximately two inches long and one inch wide. Pollard and her employer, The Placers, Inc., agreed that she was entitled to permanent partial disability benefits of approximately $1,500.00. Pollard also sought disfigurement benefits and, after a hearing, the Industrial Accident Board awarded $685.25.

Pollard appealed to the Superior Court, arguing three grounds for reversal: (i) the Board failed to make certain computations required by statute; (ii) the Board's decision was not supported by substantial evidence; and (iii) the Board erred in refusing to consider Pollard's age, gender and wage rate in setting the amount of the award. The Superior Court held that the Board did not adequately state its factual findings and the reasons for its conclusions. In addition, the court could not determine from the Board's decision whether the award was properly calculated. The Superior Court rejected Pollard's third argument, but reversed and remanded with instructions that the Board provide additional findings and explanations.

Pollard applied for attorneys' fees shortly after the Superior Court remanded the case. Pollard requested $16,160.00 for a total of 51.5 hours spent on the appeal (including 4.75 hours devoted to the fee petition) at an hourly rate of $320.00. The Superior Court awarded $6,812.50. It determined that Pollard should only be compensated for the time spent on the successful portion of her appeal and that the rate should be $200.00 per hour for the appeal and $150 per hour for the fee petition.

Pollard appealed the fee decision to this Court, but that appeal was dismissed as interlocutory since the Board had not then decided the issues on remand. Shortly after the appeal was dismissed, the parties settled the disfigurement claim except for the award of attorneys' fees. This is Pollard's second appeal seeking reversal of the Superior Court's fee decision.

## II.  Discussion

The Superior Court may award attorneys' fees when a person claiming workers' compensation benefits prevails on appeal:

> The Superior Court may at its discretion allow a reasonable fee to claimant's attorney for services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant's position in the hearing before the Board is affirmed on appeal. . . .

19 *Del.C.* § 2350(f).

The statute is intended to relieve one of the burdens of civil litigation by providing a mechanism for the payment of a successful employee's attorneys' fees.[1] The Superior Court retains discretion in fixing the amount of the fees. It should consider the factors enumerated in the Delaware Lawyers' Rules of Professional Conduct, Rule 1.5, and two additional factors—the employer's ability to pay and whether the Board's award is the exclusive source of the attorneys' fees.[2]

Pollard argues that the Superior Court misconstrued the law and misapplied the relevant factors. First, she contends that, under the holding in *DiGiacomo*, the Superior Court was precluded from using an issue-based analysis. In *DiGiacomo*, the employer appealed from the Board's decision in favor of the claimant. The Superior Court affirmed the award in full, but held that the Board erred in adopting a new legal standard for determining the reasonableness of certain medical tests. When the claimant thereafter sought attorneys' fees, the Superior Court reduced the fee award to reflect the fact that the claimant had prevailed on only four of the five issues presented. This Court reversed, holding that, although "issue allocation may sometimes prove to be an appropriate factor for measuring compensability . . . it was clearly irrelevant here. The touchstone for an award of counsel fees on appeal

1. *DiGiacomo v. Board of Public Educ.*, Del.Supr., 507 A.2d 542 (1986).

2. *General Motors Corp. v. Cox*, Del.Supr., 304 A.2d 55 (1973).

is success."[3] The *DiGiacomo* court noted that the claimant had no control over the issues presented on appeal, as the employer was the appellant. Moreover, the claimant's lack of success on the legal issue did not affect her award.

We agree with the Superior Court that *DiGiacomo* does not control this case. First, it was Pollard, not her employer, who appealed the Board's ruling. Thus, she did control the number of issues presented to the Superior Court. Second, the issue on which she was unsuccessful would have substantially affected the award. As Pollard acknowledges in her brief, if her age, gender and wage rate were considered in determining the amount of the disfigurement benefits, the value of her claim would have been enhanced "dramatically." As it was, although Pollard was successful in obtaining a remand for further findings by the Board, there is no evidence that her attorney's efforts increased the amount of her award at all. Since Pollard's lack of success did affect her award, we find no abuse of discretion in the Superior Court's use of an issue-based analysis.

Pollard also complains that the Superior Court improperly reduced the hourly rate used in calculating the fee award. Pollard requested $320 per hour based upon an hourly rate of $240 per hour plus a one-third multiplier to compensate for the fact that the work was done under a contingent fee arrangement. The Superior Court determined that $200 per hour is a more appropriate hourly rate and that there should be no multiplier added to that amount. The Superior Court also decided that the hourly rate should be lower for the hours devoted to the fee petition. For that work, the Superior Court based its award on a rate of $150 per hour.

Pollard argues that the Superior Court placed undue emphasis on its determination that the issues on appeal were neither novel nor complex. Pollard points out that the difficulty of the case is only one of many factors to consider in setting a reasonable attorneys' fee, and the Superior Court used this one factor both to reduce the hourly rate and to eliminate the contingent fee multiplier. Pollard contends that the result is inequitable and "detrimental to the representation of employees." She also argues that the Superior Court erred in reducing the hourly rate to $150 for the time spent on the fee petition. She says that no such reduction was authorized in *DiGiacomo* and that attorneys do not apply different hourly rates to different types of work in their private practice.

After carefully considering Pollard's arguments, we are satisfied that the Superior Court did not abuse its discretion in setting the hourly rates for the fee award. The Court reviewed the rates awarded in other similar cases; it considered all of the relevant factors; and it decided what it considered to be reasonable rates under all the circumstances. We will not second-guess that determination.

Based upon the foregoing, it is hereby ordered that the decision of the Superior Court be, and the same hereby is, AFFIRMED.

---

**3.** *DiGiacomo v. Board of Public Educ.*, 507 A.2d    at 546.