**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE/DART,     )
           )
    Employer-Appellant,     )
           )
    v.                     )        C.A. No.: N18A-04-004 ALR
           )
LYNETTE REID,           )
           )
    Claimant-Appellee.     )

Submitted: October 30, 2018
Decided: January 9, 2019

***On Appeal from the Industrial Accident Board***
**AFFIRMED**

**ORDER**

This is an appeal from the Industrial Accident Board ("IAB"). Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Claimant-Appellee, Lynette Reid ("Claimant") sustained an injury to her right shoulder on August 10, 2017, while working as a bus cleaner for Appellant-Employer, the State of Delaware/DART ("Employer"). Claimant sustained the injury when she lifted a trash bag out of a garbage bin.

2. Following the incident, Claimant was taken to Wilmington Hospital for tests and X-rays. Claimant was instructed to follow up with an orthopedist.

3. On August 11, 2017, Claimant sought treatment with Michael Pushkarewicz, M.D. ("Dr. Pushkarewicz"), an orthopedic surgeon. Dr. Pushkarewicz placed Claimant on total disability pending a diagnosis for Claimant's injury. An MRI on August 24, 2017 revealed tearing in the labrum and tendon of Claimant's right shoulder. The treatment recommended by Dr. Pushkarewicz was cortisone injections and physical therapy.

4. Claimant received an injection in her right shoulder on September 7, 2017. Dr. Pushkarewicz released Claimant to light duty work that same day.

5. After leaving from her appointment with Dr. Pushkarewicz on September 7, 2017, Claimant was involved in a motor vehicle accident. As a result of the accident, Claimant experienced body aches, back aches, and an aggravation of her right shoulder injury. Dr. Pushkarewicz's treatment recommendations for Claimant's work-related injury did not change after the accident. Due to the motor vehicle accident, Claimant did not return to work until November 25, 2017.

6. Claimant received a second cortisone injection on January 8, 2018.

7. On September 28, 2017, Claimant filed a Petition to Determine Compensation Due ("Petition") with the IAB, seeking acknowledgement of the accident and injury, medical expenses, and a closed period of total disability benefits from August 11, 2017 through September 7, 2017.

8.     Employer disputes that an accident or injury occurred at the workplace on August 10, 2017.

9.     A hearing was held on Claimant's Petition on February 1, 2018 ("Hearing"). During the Hearing, the IAB considered the testimony of (1) Claimant; (2) Claimant's expert, Dr. Pushkarewicz; and (3) Employer's expert, Gregory Tadduni, M.D. ("Dr. Tadduni"), an orthopedic surgeon who evaluated Claimant on December 7, 2017 at Employer's request. The IAB also considered video surveillance footage from Employer's facility taken on August 10, 2017.

10.    Claimant's expert, Dr. Pushkarewicz, opined that Claimant sustained an injury as a result of the August 10, 2017 work incident. Claimant reported to Dr. Pushkarewicz that she was in immediate pain and Dr. Pushkarewicz considers this to be strong evidence of an injury. Dr. Pushkarewicz testified that the tears shown on Claimant's August 24, 2017 MRI are normally degenerative, caused by "falling on your outstretched arm," or by "trying to lift something which is too heavy." Although Claimant's prior medical records revealed a history of neck pain across Claimant's shoulder blades, in Dr. Pushkarewicz's opinion, these references are symptoms emanating from a cervical spine condition. Claimant had never been diagnosed with a shoulder joint condition before August 10, 2017. Dr. Pushkarewicz opined that, but for the incident on August 10, 2017, Claimant would not have

3

sustained tearing in her right shoulder, would not have required two injections, and would not have been placed on total disability.

11. After reviewing medical records and evaluating Claimant on December 7, 2017, Dr. Tadduni found that Claimant had a significant history of cervical and lumbar spine symptoms as a result of motor vehicle and previous work-related accidents. Dr. Tadduni noted shoulder complaints in medical records pre-dating the August 10, 2017 work accident. Dr. Tadduni agrees with Dr. Pushkarewicz that Claimant's August 24, 2017 MRI reveals two tears in Claimant's right shoulder. Claimant did not report feeling immediate pain to Dr. Tadduni. Dr. Tadduni testified that, in his opinion, Claimant would not have been totally disabled between the date of the alleged work incident through the date of Claimant's motor vehicle accident on September 7, 2017. Finally, Dr. Tadduni opined that the conservative medical treatment has been reasonable, necessary, and related to the injury.

12. By Order dated March 29, 2018, the IAB granted Claimant's Petition ("IAB Decision"), concluding that Claimant sustained a compensable injury in the August 10, 2017 work accident, and therefore is entitled to payment of medical expenses and total disability benefits.

13. Employer appeals from the IAB Decision, seeking reversal on the basis that the IAB committed two errors. First, Employer contends that the IAB mischaracterized the opinion of Dr. Tadduni when it found that Dr. Tadduni agreed

4

that Claimant injured her right shoulder in a work-related accident on August 10, 2017. Second, Employer contends that the IAB improperly reconciled Claimant's inconsistent statements made to treating medical providers regarding whether Claimant felt immediate pain following the alleged injury. Employer argues that the IAB Decision finding that Claimant sustained a right shoulder injury on August 10, 2017, was an abuse of discretion and not supported by substantial evidence.

14. Claimant opposes Employer's appeal, arguing that substantial evidence supports the IAB Decision.

15. On appeal from an IAB decision, this Court's role is limited to determining whether the IAB's conclusions are supported by substantial evidence and free from legal error.[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] This Court reviews the IAB's legal determinations *de novo*.[3] "Absent errors of law, however, the standard of appellate review of the IAB's decision is abuse of discretion."[4]

---

[1] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[2] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).

[3] *Guardado*, 2016 WL 6958703, at *3; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).

[4] *Glanden*, 918 A.2d at 1101 (citing *Digiacomo v. Bd. of Pub. Educ.*, 507 A.2d 542, 546 (Del. 1986)).

16. It is well-established that the IAB may reconcile competing medical testimony by crediting the opinion of one expert over another.[5] Where the IAB elects to adopt one expert opinion over another, the adopted opinion constitutes substantial evidence for the purpose of appellate review.[6] This Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[7] "[T]he sole function of the Superior Court, as is the function of [the Delaware Supreme Court] on appeal, is to determine whether or not there was substantial evidence to support the finding of the Board, and, if it finds such in the record, to affirm the findings of the Board."[8]

17. The IAB found substantial evidence to support: (1) Claimant sustained a compensable right shoulder injury in a work-related accident on August 10, 2017; (2) the medical treatment for Claimant's right shoulder was reasonable, necessary, and causally related to the injury; and (3) it was reasonable for Dr. Pushkarewicz to place Claimant on total disability from August 11, 2017 through September 7, 2017 while Claimant underwent testing to diagnose her shoulder injury and received a cortisone injection. A review of the record reveals that both Dr. Pushkarewicz and

---

[5] *Whitney v. Bearing Const., Inc.*, 2014 WL 2526484, at *2 (Del. May 30, 2014); *Steppi v. Conti Elec., Inc.*, 2010 WL 718012, at *3 (Del. Mar. 2, 2010).
[6] *Munyan*, 909 A.2d at 136; *Bacon v. City of Wilmington*, 2014 WL 1268649, at *2 (Del. Super. Jan. 31, 2014).
[7] *Christiana Care Health Servs. v. Davis*, 127 A.2d 391, 394 (Del. 2015); *Johnson*, 213 A.2d at 66.
[8] *Johnson*, 213 A.2d at 66.

Dr. Tadduni were in agreement as to the IAB's first two findings. As to the third, by accepting Dr. Pushkarewicz's opinion that it was reasonable to place Claimant on total disability, the IAB made a permissible credibility determination in order to reconcile competing medical theories.[9] It is not the duty of this Court to weigh the evidence or make credibility determinations in the context of an administrative appeal.[10] Rather, "[t]he function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the [IAB]."[11]

18. This Court is satisfied that there is sufficient record evidence to support the IAB's factual conclusions and that the IAB Decision is free from legal error.

**NOW, THEREFORE, this 9th day of January, 2019, the March 29, 2018 Industrial Accident Board Decision granting Claimant's Petition to Determine Compensation Due is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

---

[9] *See Whitney*, 2014 WL 2526484, at *2; *Steppi*, 2010 WL 718012, at *3.
[10] *Davis*, 127 A.2d at 394; *Johnson*, 213 A.2d at 66.
[11] *Simmons v. Delaware State Hosp.*, 660 A.2d 384, 388 (Del. 1995) (citing *Breeding v. Contractors—One—Inc.*, 549 A.2d 1102, 1106 (Del. 1988)); *Martin v. State*, 2015 WL 1548877, at *3 (Del. Super. Mar. 27, 2015).