# IN THE SUPERIOR COURT OF EMPLOYER OF DELAWARE

HOWARD L. HARRIS,                          )
                                           )
    Appellant/Claimant-Below,          )
                                           )
    v.                                 )   C.A. No. N19A-03-004 ALR
                                           )
STATE OF DELAWARE,                         )
                                           )
    Appellee/Employer-Below.           )

Submitted: July 23, 2019
Decided: August 1, 2019

***Upon Appeal from the Industrial Accident Board***
**AFFIRMED**

## ORDER

This is an appeal from a decision of the Industrial Accident Board ("IAB") denying a petition to determine compensation due on the grounds that the claimant failed to prove that his injuries were the result of a work-related accident. Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Claimant-Appellant, Howard L. Harris ("Claimant") is employed by the State of Delaware ("Employer") at the Port of Wilmington.

2. Claimant sought workers' compensation benefits for injuries he sustained on February 23, 2018.

3.     Claimant originally reported that Claimant was injured when he was assaulted by co-workers at the end of the workday on February 23, 2018.   Later, Claimant reported that Claimant was injured during the workday on February 23, 2018 when the forklift Claimant was operating was picked up into the air by a crane and then dropped several feet to the ground.

4.     Employer disputes that the alleged crane accident occurred.   In the alternative, Employer maintains that if Claimant was injured, then he was injured in an altercation with co-workers and not in a work-related accident.

5.     The IAB conducted a hearing on November 14, 2018. Employer presented four employees as witnesses, each of whom testified no crane accident took place on February 23, 2018. Claimant testified on his own behalf, explaining that he simply forgot to mention the crane accident until two months after the incident.   Claimant presented the testimony of his treating physician who testified that Claimant's injuries could have been caused by either the alleged crane accident or by an altercation.   Employer's medical expert testified that there was no objective evidence that Claimant sustained any injury consistent with being dropped several feet by a crane while seated in a forklift.

6.     By Order dated February 26, 2019, the IAB denied Claimant's Petition ("IAB Decision").   Based on credibility findings, the IAB ruled that there was insufficient evidence to establish that the alleged crane accident actually occurred.

7.     Claimant appeals from the IAB Decision denying Claimant's Petition. Employer opposes Claimant's appeal.

8.     In considering an appeal from an IAB decision, this Court's role is limited to determining whether the IAB's conclusions are supported by substantial evidence and are free from legal error.[1]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] This Court reviews the IAB's legal determinations *de novo*.[3]  Absent errors of law, however, the standard of appellate review of the IAB's decision is abuse of discretion.[4]  This Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[5]  The Court must give deference to "the experience and specialized competence of the [IAB] and must take into account the purposes of the Worker's Compensation Act."[6]

---

[1] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[2] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).
[3] *Guardado*, 2016 WL 6958703, at *3; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).
[4] *Glanden*, 918 A.2d at 1101 (citing *Digiacomo v. Bd. of Pub. Educ.*, 507 A.2d 542, 546 (Del. 1986)).
[5] *Christiana Care Health Servs. v. Davis*, 127 A.2d 391, 394 (Del. 2015); *Johnson*, 213 A.2d at 66.
[6] *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

9.	The record evidence supports the IAB's findings.[7]  The IAB made permissible credibility determinations in order to reconcile competing medical theories of causation and inconsistencies in the record.[8]  It is not the duty of this Court to weigh the evidence or make credibility determinations in the context of an administrative appeal.[9]  Rather, "[t]he function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the [IAB]."[10]

10.	This Court is satisfied that there is sufficient record evidence to support the IAB's factual conclusions and that the IAB Decision is free from legal error. Moreover, the IAB did not abuse its discretion.

**NOW, THEREFORE, this 1st day of August, 2019, the February 26, 2019 Industrial Accident Board Decision denying Claimant's Petition to Determine Compensation Due is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

cc:	Howard L. Harris, Appellant

[7] *Davis v. Mark IV Transp.*, 2011 WL 6392950, at *3 (Del. Dec. 19, 2011) ("[T]he sole function of the Superior Court…is to determine whether or not there was substantial competent evidence to support the finding of the [IAB], and, if it finds such in the record, to affirm the findings of the [IAB].").
[8] *See Whitney v. Bearing Const., Inc.*, 2014 WL 2526484, at *2 (Del. May 30, 2014); *Steppi v. Conti Elec., Inc.*, 2010 WL 718012, at *3 (Del. Mar. 2, 2010).
[9] *Christiana Care Health Servs.*, 127 A.2d at 394; *Johnson*, 213 A.2d at 66.
[10] *Simmons v. Delaware State Hosp.*, 660 A.2d 384, 388 (Del. 1995) (citing *Breeding v. Contractors—One—Inc.*, 549 A.2d 1102, 1106 (Del. 1988)); *Martin v. State*, 2015 WL 1548877, at *3 (Del. Super. Mar. 27, 2015).

4