# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

February 5, 2020

Candace E. Holmes, Esquire
Walt F. Schmittinger, Esquire
Schmittinger & Rodriguez, P. A.
414 South State Street
Dover, DE  19901

Robert S. Hunt, Esquire
Franklin & Prokopik
500 Creek View Road
Suite 502
Newark, DE  19711

Submitted:  January 17, 2020
Decided: February 5, 2020

RE:   *Teresa Holben v. Pepsi Bottling Venture, LLC*
      *K18A-05-003 JJC*

Counsel:

This letter provides the Court's reasoning and decision regarding Appellant Teresa Holben's application for a reasonable attorneys' fee pursuant to 19 *Del. C.* § 2350(f).  Because Ms. Holben seeks an appellate attorneys' fee for three separate segments of Superior Court litigation, the procedural history and Ms. Holben's degree of success in each of these three appellate segments are important.  For the reasons set forth herein, Ms. Holben's application is granted, in part.

## PROCEDURAL BACKGROUND

In 2018, Ms. Holben appealed an adverse Industrial Accident Board (hereinafter "IAB" or the "Board") decision. She challenged the amount of partial disability benefits the Board awarded her as a result of a work injury. She also appealed the IAB's denial of a reasonable attorneys' fee.

In the Court's December 2018 Opinion, it affirmed the IAB's decision regarding the amount of disability benefits due. It reversed the IAB's decision, in part, however, because the Board did not award a reasonable attorneys' fee as a result of Ms. Holben's successful recovery of medical witness fees. The Court then remanded the matter to the IAB to consider the appropriate amount due. When doing so, the Court retained jurisdiction and declined to consider Ms. Holben's application for an attorneys' fee for litigation in this Court until it enters final judgment, post-remand.[1]

Thereafter, the Board awarded Ms. Holben a $500 fee for prosecuting what became the single successful issue before the Board. Both parties filed appeals of that decision, notwithstanding the Court's retention of jurisdiction. In any event, the Court considers both parties' issues to be properly raised. In their appeals, Ms. Holben and Pepsi both challenged the IAB's post-remand decision regarding the amount of the fee due. Pepsi also independently sought reconsideration of whether any attorneys' fee was due.

More specifically, Ms. Holben argued that the Board abused its discretion by not properly considering the factors set forth in *General Motors v. Cox*.[2] She also argued that the Board did not base her attorneys' fee award on her total recovery, including her disability benefits.

---

[1] *Pepsi Bottling Ventures, LLC v. Holben*, No. 16, 2019, at *4 (Del. Feb. 1, 2019).
[2] 304 A.2d 55 (Del. 1973).

2

At that point, for the first time, Pepsi cited what it alleged to be mandatory authority that it did not provide in the first instance. Pepsi argued that this authority required the Court to reverse its December 2018 decision regarding the attorneys' fee. In the alternative, Pepsi argued that when applying the Court's December 2018 decision and the Worker's Compensation Act attorneys' fee provision, the Board erred when awarding $500 in fees because that exceeded thirty percent of the amount awarded for success on the issue.[3]

Thereafter, on November 4, 2019, the Court issued its post-remand decision. In it, the Court denied Pepsi's request to reconsider the December 2018 decision.[4] In that respect, Ms. Holben prevailed. However, the Court also reduced the IAB's $500 fee award. Based upon the IAB's reasoning, the maximum statutorily permitted fee award was $450. In that respect, Pepsi prevailed.

## POSITIONS OF THE PARTIES

Ms. Holben now seeks an attorneys' fee for three distinct segments of the Superior Court litigation. First, she seeks a $10,025 fee for prosecuting her partially successful appeal of the IAB's original decision. She concedes that this amount includes a fee incurred for time spent (1) unsuccessfully seeking reversal of the IAB's decision regarding the amount of disability benefits that she was due, and (2) for successfully litigating the attorneys' fee issue. Second, she seeks an $8,650 fee for post-remand briefing. That briefing included her successful defense regarding whether any attorneys' fee was required at the Board level. It also included her attempt to win a much larger attorneys' fee anchored to the entire compensation due her. Third, she seeks an additional $3,573 attorneys' fee for prosecuting her application for attorneys' fees for the first two litigation segments.

---

[3] *See* 19 Del. C. § 2320(10)a (limiting a "reasonable attorneys' fee in an amount not to exceed 30 percent of the award or 10 times the average weekly wage in Delaware as announced by the Secretary of Labor at the time of the award, whichever is smaller").

[4] *Holben v. Pepsi Bottling Ventures, LLC*, 2019 WL 5692687, at *8 (Del. Super. Nov. 4, 2019).

3

Pepsi does not challenge the amount of time Ms. Holben submits or the reasonableness of the hourly rates. Rather, Pepsi challenges the fee sought for the first segment by arguing that Ms. Holben did not specifically raise the issue of an attorneys' fee for recovering medical witness fees at the initial IAB hearing. Pepsi challenges the second segment of fees (post-remand) by arguing that it enjoyed the most success because the Court denied Ms. Holben's request to significantly increase the IAB's fee award and in fact decreased it by $50. Lastly, Pepsi contests the fee sought for the third segment. It argues that, because attorneys' fees for the first and second segments should not be awarded, the Court should not award an attorneys' fee for work performed to seek their recovery. With regard to the application of the *Cox* factors, Pepsi focuses mainly on the factor that addresses the relationship between the size of the recovery ($1,500) and the appropriate fee.

## STANDARD

Two relevant standards apply in the matter: the standard for whether any fee is awardable and the standard applicable to determining the amount.

Section 2350(f) of Title 19 of the Delaware Code provides that:

> [t]he Superior Court may in its discretion award a reasonable fee to claimant's attorney for services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant's position in the hearing before the Board is affirmed on appeal.[5]

Although the Delaware Supreme Court held in one instance that fees should be assessed based upon general success,[6] it nevertheless acknowledged that an "issue allocation may sometimes prove to be an appropriate factor for measuring compensability in certain cases."[7] The Supreme Court later affirmed the Superior

---

[5] 19 *Del. C.* § 2350(f).
[6] *Digiacomo v. Bd. of Pub. Educ. in Wilmington*, 507 A.2d 542, 546 (Del. 1986). Notably, the Delaware Supreme Court decided *Digiacomo* prior to the 1994 amendment of 19 *Del. C.* § 2350(f).
[7] *Id.*

4

Court's use of an issue-based analysis in *Pollard v. Placers, Inc.*,[8] finding that the Superior Court did not abuse its discretion by limiting its fee award for time spent on the successful portions of an appeal.[9]   In *Pollard*, the Supreme Court distinguished its prior holding by recognizing (1) that the claimant, not the employer, appealed, and (2) that the claimant lacked success on an issue that would have substantially affected the award.[10]

In at least one Superior Court decision, *Warren v. Amstead Indus.*,[11] the phrase "affirmed on appeal" was not interpreted as a term of art, but rather to represent that the claimant prevailed on appeal regarding *its position* before the Board.  It held that the claimant need not have won the issue in the first instance in order to be "affirmed" on appeal.[12]  Rather, it recognized that when the Superior Court reverses the Board following a claimant's appeal and the reason for the reversal is grounded in the claimant's position, the claimant's position is affirmed.[13]   The *Warren* decision correctly recognized the General Assembly's intent to permit a claimant to recover a fee when it is the claimant who files the appeal.[14]

Regarding the appropriate amount, the Court's discretion is framed by the factors outlined in *General Motors Corp. v. Cox.*[15]   These factors provide to the parties justification for the decision, and to the reviewing courts, the ability to "fulfill the appellate function."[16] The *Cox* factors include:

---

[8] 703 A.2d 1211 (Del. 1997).
[9] *Id.* at 1212–13.
[10] *Id.* at 1213.
[11] 2019 WL 2374047, at *1 (Del. Super. June 4, 2019).
[12] *Id.*
[13] *Id.*
[14] *See Murtha v. Cont'l Opticians, Inc.*, 729 A.2d 312, 318 (Del. Super. July 23, 1997) (stating that "under the current statutory scheme, the employee may appeal an unfavorable Board ruling and has control in forming the appellate issues. The justification of focusing solely on the success of defending the appeal is weakened by the change in the statute that allows the claimant to bring the appeal").
[15] 304 A.2d at 57.
[16] *Id.* at 57–58.

5

(1) [t]he time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly[;] (2) [t]he likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer[;](3) [t]he fees customarily charged in the locality for similar legal services[;] (4) [t]he amount involved and the results obtained[;] (5) [t]he time limitations imposed by the client or by the circumstances.[;](6) [t]he nature and length of the professional relationship with the client[;] (7) [t]he experience, reputation, and ability of the lawyer or lawyers performing the services [;and] (8) [w]hether the fee is fixed or contingent."[17]

Also, two additional factors must be considered: "the factor of the employer's ability to pay [; and] the requirement of an affidavit of the employee's attorney as to the fees and expenses, if any, received or to be received from any other source."[18]

## AN ATTORNEYS' FEE IS DUE UNDER THE CIRCUMSTANCES OF THIS CASE

At the outset, the Superior Court's decision to award an attorneys' fee for appellate work is discretionary. The threshold issue is whether Ms. Holben is entitled to *any* fees because her "position in the hearing before the Board [was] affirmed on appeal."[19] Each litigation segment will be addressed separately.

---

[17] *Id.* at 57.
[18] *Id.*
[19] 19 *Del. C.* § 2350(f). *See also Murtha*, 729 A.2d at 318 (finding that a claimant's "position" is not a term of art that permits the availability of attorneys' fees to remain dependent on success in front of the Board, but instead a term referencing the claimant's arguments that must be presented in front of the Board in order for the court to "affirm"); *Veid v. Bensalem Steel Erectors*, 2000 WL 33113801, at *1 (Del. Super. Dec. 28, 2000) (summarizing *Murtha*'s explanation of the legislative intent in amending 19 *Del. C.* § 2350(f) with the language "the claimant's position in the hearing before the Board is affirmed on appeal" as to permit "a right for a claimant to seek an attorney's fee for the time expended at the appellate level when a claimant appeals an unfavorable or erroneous Board decision and claimant's position before the Board is affirmed on appeal").

With regard to the first segment, Ms. Holben must have first raised the issue before the IAB in order for her position to be affirmed on appeal.[20] Here, she claimed medical witness fees and a reasonable attorneys' fee before the IAB. The IAB denied her any attorneys' fee. She did not specifically address whether a medical witness fee warranted attorneys' fees at the initial IAB hearing. She did, however, seek an attorneys' fee based on what she argued should have been a full recovery. Under the circumstances of this case, to seek the whole was to also seek the part. Ms. Holben correctly argues that she was under no obligation to anticipate the Board's legal error. When a party seeks an attorneys' fee based upon his or her entire claim, he or she has fairly raised the issue of any portion of an attorneys' fee that the Board erroneously denied.

With regard to the second segment, Ms. Holben's position before the Board was affirmed, in part, and not affirmed, in part. After the IAB's remand decision, Ms. Holben sought fees based upon her total award. She did not prevail with regard to the amount. A significant part of the briefing in the second segment of litigation, however, focused on the issue of whether attorneys' fees were available at all. On that, Ms. Holben prevailed. In summary, Ms. Holben successfully defended her claim for *an* attorneys' fee but lost regarding the *amount*. On balance, for the second segment, a fee is appropriate under the circumstances of this case.

Finally, with regard to the third segment, a fee is also appropriate for seeking a fee over Pepsi's opposition. Because she is due a fee for the first two segments, a fee for prosecuting her right to a fee is also appropriate.

---

[20] *Elliott v. State*, 2012 WL 7760033, at *2 (Del. Super. Dec. 24, 2012) (quoting *Murtha*, 729 A.2d at 318) (explaining that because "a claimant may now frame the appellate issues, it is axiomatic that claimant raise issues before the Board before presenting the issues at the appellate level" and that it is "essential to the appellate process that claimants thoroughly present their case before the Board including discussing all relevant evidence and positing all legal arguments").

## THE APPROPRIATE AMOUNT

With regard to the appropriate amount, after considering the arguments of the parties and the record in this case, the Court has fully considered each of the *Cox* factors.[21] After weighing each of the factors, the Court places particular weight upon four: the amount and result obtained, whether the fee is fixed or contingent, the time and labor required, and the novelty and difficulty of the questions involved.

First, with regard to all three segments, Ms. Holben recovered medical witness fees in this case in the amount of $1,500. The amount of the award is properly considered when determining the appropriate amount of a reasonable attorneys' fee. In total, for the three segments of appellate litigation, Ms. Holben seeks $22,248. There is a disconnect between the amount recovered for medical witness fees and the amount Ms. Holben seeks for attorneys' fees. This factor weighs *against* a large award of fees for all three segments.

Second, with regard to all three segments, the portion of the first *Cox* factor that includes consideration of the novelty and difficulty of the question involved justifies a larger fee award than one based solely upon the size of the $1,500 award. In this case, given the change in the statutory attorneys' fee provision that abrogated prior case law, and that Pepsi sought reargument on the issue necessitating considerable additional effort in the second litigation segment, this factor weighs *in favor of* a larger award of fees as to all three segments.

While focusing on the second segment of litigation, Ms. Holben seeks fees exceeding her hourly rate submission. Pepsi argues that this is because Ms. Holben is asserting the right to her contingent attorneys' fee based upon her total recovery. At the hearing, Ms. Holben did not contest this and offered no contrary justification.

---

[21] *See Short v. Reed Trucking Co.*, 2012 WL 1415595, at *2 (Del. Super. Feb. 14, 2012) (explaining, on review of the Board's decision, that if the decision stated expressly that each of the *Cox* factors were considered, it is not a requirement for an "analysis on **each** *Cox* factor so long as the record reflects, as it does here, that those factors were in fact considered in reaching a conclusion") (emphasis added), *aff'd* 72 A.3d 502 (Del. 2013).

Here, Ms. Holben's relevant award was $1,500 in medical witness fees. Where the relevant award itself was $1,500, an additur based on the contingent nature of the fee agreement is inappropriate. This factor weighs *against* a larger award for the second segment.

Finally, the factor addressing the time and labor required is significant. Its application varies by litigation segment and includes an examination of the work Ms. Holben's attorneys performed at each stage.

In the first segment, only a small portion of Ms. Holben's briefing addressed the attorneys' fee due because she successfully recovered medical witness fees. At the hearing regarding an attorneys' fee, Ms. Holben acknowledged that, with regard to the first segment she could not apportion the work spent between the compensation due issue and the attorneys' fee issue. The large majority of Ms. Holben's efforts on appeal in the first segment focused on the compensation due. Accordingly, this factor weighs *against* a larger award for the first segment.

In the second segment, a roughly equal portion of Ms. Holben's efforts was dedicated to defending the right to any fee versus seeking a particular amount. On the other hand, Ms. Holben did not articulate a sufficient basis to apportion the two in this case. On balance, the factor regarding time and labor required in the second segment weighs *against a full award* of fees for the second segment.

Finally, the time and labor her attorney spent in the third segment was necessary, given Pepsi's opposition. On the other hand, Pepsi justifiably opposed the amount of the fee she sought. This factor *weighs neutrally.*

After considering these factors, together with the other *Cox* factors, the Court awards the following:

1. $1,500 for the first litigation segment involving Ms. Holben's initial appeal;

2. $3,000 for the second segment, which included Ms. Holben's successful defense of the Court's initial decision, while considering Pepsi's success regarding the amount of fees due; and

3. $750 for work performed in prosecuting her claim for a fee due for the first and second segment, given Pepsi's opposition.

## CONCLUSION

For the reasons set forth in the Court's December 13, 2018 Opinion, the Court's November 4, 2019 Memorandum Opinion and Order, and this Order, final judgment is hereby entered in favor of Ms. Holben as follows:

1. Partial disability benefits, as of July 25, 2017, payable to her at the rate of $132.86 per week;

2. Medical witness fees in the amount of $1,500;

3. Reasonable attorneys' fees in the amount of $450, pursuant to 19 *Del. C.* § 2320(10) for work performed before the IAB in the amount of $450; and

4. $5,250 for the affirmance of Ms. Holben's position on appeal as permitted by 19 *Del. C.* § 2350(f).

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Judge

10