IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT E. VANELLA, on behalf of THE DELAWARE CALL, | § § § § § § § | No. 25, 2025 |
| | | Court Below–Superior Court of the State of Delaware |
| Appellant Below, Appellant, | | |
| | | C.A. No. K24A-02-002 |
| v. | § § | |
| CHRISTINA DURAN, in her official capacity as FOIA Coordinator for DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY, DELAWARE STATE POLICE, | § § § § § § § § | |
| Appellee Below, Appellee. | § § | |

Submitted: February 10, 2025
Decided: March 7, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice to show cause and the parties' responses thereto, it appears to the Court that:

(1)     The appellant, Robert E. Vanella, on behalf of The Delaware Call, filed this appeal from the Superior Court's December 23, 2024 order, which affirmed in part and reversed in part the Department of Justice's decision upholding the denial

of Vanella's request under the Freedom of Information Act for information and documents from the Delaware State Police. Because the court's order did not appear to be a final order, the Senior Court Clerk issued a notice to Vanella to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an interlocutory order.

(2) Vanella has responded to the notice to show cause and argues that the Superior Court intended the December 23, 2024 order to be its final act in the case. The record reflects that, after the Superior Court issued that order, Vanella filed an "Unopposed Motion to Set Date to File a Motion for Attorney's Fees and Costs" together with a proposed order. The Superior Court signed the proposed order, which states, "the deadline for [Vanella]'s motion to collect attorney's fees and costs under 29 *Del. C.* § 10005(d) shall be thirty (30) days after the window to take an appeal in this matter has closed, or thirty (30) days after a final order is entered subsequent to an appeal, whichever is later." Vanella argues that this language demonstrates that, "even though the Superior Court has not yet resolved the issue of attorneys' fees and costs, the 12/23 Order is ripe for appeal."[1] Vanella also claims that attorney fees should be "understood" to be part of "costs" and argues that, because a pending motion for costs does not affect the finality of a judgment, so too here.[2]

---

[1] Vanella's Resp. to Notice to Show Cause, at 3.
[2] *Id*. at 5.

(3)    At the Court's request, the appellee, Christina Duran, in her official capacity as FOIA Coordinator for Delaware Department of Safety and Homeland Security, Delaware State Police, also responded to the notice to show cause. Duran points to Vanella's request to set a deadline for moving for attorney fees as evidence that the December 23, 2024 order does not represent the Superior Court's last act in this case. Duran argues that judicial efficiency requires that this Court review the merits of Vanella's appeal together with any award of attorney fees and that this appeal should be dismissed as interlocutory. We agree.

(4)    A final judgment is one that "determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration."[3] We have held that a pending motion for costs does not affect the finality of a judgment because the further action required of the court is a "purely ministerial act"; by contrast, a pending motion for attorney fees renders an appeal interlocutory because the court must exercise its discretion when fashioning an appropriate award.[4] Although there is no current pending motion for attorney fees here, it is clear that (i) Vanella intends to seek an award for attorney fees and (ii) the Superior Court is aware of his intent to do so. Under the circumstances, we cannot

---

[3] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992) (citation omitted).
[4] *Black v. Staffieri*, 2013 WL 1045221, at *1 (Del. Mar. 13, 2013); *Pollard v. The Placers, Inc.*, 703 A.2d 1211 (Del. 1997) (discussing the various factors that a trial court should consider when fixing an award of attorney's fees).

conclude that there is nothing for future determination or consideration before the Superior Court. Absent compliance with Rule 42, this Court has no jurisdiction to consider an interlocutory appeal,[5] and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal be DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).