**GENERAL MOTORS CORPORATION, a corporation of the State of Delaware, Employer-Appellant Below, Appellant,**

v.

**Lena E. COX, Widow and Administratrix of Charles E. Cox, Claimant-Appellee Below, Appellee.**

Supreme Court of Delaware.

Feb. 23, 1973.

Max S. Bell, Jr., of Richards, Layton & Finger, Wilmington, for employer-appellant below, appellant.

James P. D'Angelo, Wilmington, for claimant-appellee below, appellee.

Before CAREY and HERRMANN, JJ., and MARVEL, Vice Chancellor.

HERRMANN, Justice:

In this workmen's compensation case, the employee's attorney seeks an award of counsel fees under 19 Del.C. § 2350(f).[1] He requests $20,000.[2] on the basis of 400 hours at $50. per hour.

The decision of the Superior Court on the application was announced as follows:

"I have taken considerable time in examining the file in the above matter as well as the memos submitted by counsel in the above matter.

"Finally, I have attempted to apply the principles outlined by the Supreme Court in its most recent opinion of Husband S. v. Wife S.

"It is my conclusion that a fee of $12,500. should be allowed claimant's attorney.

"It is so ordered."

The employer complains that it was not afforded an opportunity to present its views as to the applicability of Husband S v.

[1]. 19 Del.C. § 2350(f) provides:

"(f) The Superior Court may in its discretion allow a reasonable fee to claimant's attorney for his services on an appeal from the Board to the Superior Court and from the Superior Court to the Supreme Court where the claimant has prevailed in his hearing before the Board and is affirmed on appeal. Such fee shall be taxed in the costs and become part of the final judgment in the cause and may be recovered against the employer or employer's insurance carrier."

[2]. The total award of employee benefits here was $4,140., including interest.

Wife S., Del.Supr., 294 A.2d 89 (1972), a divorce case, to a workmen's compensation case; and the employer contends that, if *Husband S.* is applicable, it was entitled to an evidentiary hearing upon the factual issues involved in applying the *Husband S.* principles.

## I.

As to the applicability of the *Husband S.* guidelines to the award of "reasonable" counsel fees in a workmen's compensation case, the employer has now had his day in court in this appeal.

In *Husband S.*, this Court stated: (294 A.2d at 93)

"[R]easonable counsel fees should be evaluated upon the basis of the factors and formula set forth in the Delaware Lawyer's Code of Professional Responsibility, DR 2–106(B) as follows:

" '* * * Factors to be considered as guides in determining the reasonableness of a fee include the following:

" '(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

" '(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

" '(3) The fees customarily charged in the locality for similar legal services.

" '(4) The amount involved and the results obtained.

" '(5) The time limitations imposed by the client or by the circumstances.

" '(6) The nature and length of the professional relationship with the client.

" '(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

" '(8) Whether the fee is fixed or contingent.'

"For the purposes of an application under § 1530, we add to the foregoing the factor of the husband's ability to pay and the requirement of an affidavit of the wife's counsel as to what fees and expenses, if any, have been received or will be received from any other source. * * *."

■ There is no logical or policy reason for having different standards or tests for the establishment of "reasonable" counsel fees for a divorce case under 13 Del.C. § 1531(a), on the one hand, and a workmen's compensation case under 19 Del.C. § 2350, on the other. Accordingly, we hold the *Husband S.* standards applicable in a workmen's compensation case, with the following modification: for the purposes of an application under § 2350, we add to the factors set forth in the Delaware Lawyer's Code of Professional Responsibility, DR 2–106(B), Del.C.Ann. the factor of the employer's ability to pay; also the requirement of an affidavit of the employee's attorney as to the fees and expenses, if any, received or to be received from any other source.

## II.

■ The employer is entitled to the opportunity of an evidentiary hearing upon the factual issues involved in the application of the *Husband S.* factors to the determination of reasonable counsel fees under § 2350(f). Procedural due process requires such opportunity. Accordingly, the judgment below must be reversed and the cause remanded for further proceedings consistent herewith.

■ In announcing its decision upon this remand, the Court below should state the reasons for its conclusions. As we have frequently stated, the parties are entitled to reasons for a judicial decision; and this Court is unable to fulfill the appellate function properly, especially when the reasona-

bleness of discretionary action is under review, unless reasons are given for the decision reached below.

Reversed.