# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| 810 SOUTH BROOM STREET | ) | |
| OPERATIONS, LLC d/b/a HILLSIDE | ) | |
| CENTER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-01-118 ALR |
| | ) | |
| RHONDA DANIEL, and | ) | |
| JOSEPH F. POLI, JR., | ) | |
| Defendants. | ) | |

## ORDER

***Upon 810 South Broom Street Operations, LLC's***
***Motion for Counsel Fees and Costs***
Date Submitted: June 2, 2016
Date Decided: July 15, 2016
**GRANTED**

***Upon Defendant Joseph F. Poli, Jr.'s Motion for Relief from Order***
Date Submitted: July 6, 2016
Date Decided: July 15, 2016
**DENIED**

Judgments have been entered in this case in favor of Plaintiff 810 South

Broom Street Operations, LLC d/b/a Hillside Center ("Hillside") and against

Defendants Rhonda Daniel and Joseph F. Poli, Jr. On April 3, 2015, an entry of

judgment was entered for a sum certain against Ms. Daniel after Ms. Daniel failed

to defend or appear in the litigation pursuant to Superior Court Rule of Civil

Procedure 55(b)(1). By Memorandum Opinion and Order dated June 14, 2016,

judgment as a matter of law was entered in favor of Hillside and against Mr. Poli

pursuant to Superior Court Rule of Civil Procedure 56. Mr. Poli has filed a motion for relief from the order of judgment against Ms. Daniel. Hillside has filed a motion for award of attorneys' fees and costs.

Upon consideration of the facts, arguments and legal authorities set forth by all parties, decisional precedent, and the record of this case, the Court finds as follows:

1.    The Delaware Supreme Court has inherent and exclusive authority to regulate the practice of law in Delaware.[1] A person who is not admitted to practice law in this jurisdiction may not act in a representative capacity for another person.[2] Mr. Poli is not a lawyer admitted to the Bar of the Delaware Supreme Court and therefore may not act in a representative capacity as to any individual, including Ms. Daniel. Accordingly, Mr. Poli may not seek relief from the Court on Ms. Daniel's behalf.

2.    Even assuming that a request for relief from the default judgment entered against Ms. Daniel was properly before this Court, Ms. Daniel is not

---

[1] *Delaware Optometric Corp. v. Sherwood*, 128 A.2d 812, 816 (Del. 1957) ("The admission of attorneys to practice, and the exclusion of unauthorized persons from practice lie within the province of this court."). *See also In re Benson*, 774 A.2d 258, 262 (Del. 2001) ("This Court has the inherent and exclusive authority for disciplining the members of the Delaware Bar.").

[2] *In re Arons*, 756 A.2d 867, 874 (Del. 2000) ("This Court does not exercise its inherent authority to regulate the practice of law for the purpose of protecting the financial interest of the lawyer. Our role is to insure that the public will enjoy the representation of individuals who have been found to possess the necessary skills and training to represent others.")

entitled to relief. The standard, pursuant to Superior Court Rule of Civil Procedure 60(b), puts the burden on the moving party. There is a three-prong test: (1) excusable neglect in the moving party's conduct allowed default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome if the case was heard on the merits; and (3) that substantial prejudice will not result to the non-moving party if the motion is granted.[3] This burden cannot be satisfied with respect to the default judgment entered more than 14 months ago: (1) excusable neglect has not been demonstrated; (2) Ms. Daniel has no meritorious defense to this action as set forth in the discussion on the merits in this Court's June 14, 2016 memorandum opinion; and (3) Hillside will suffer substantial prejudice if the judgment is vacated.

3. Hillside requests attorneys' fees pursuant to a provision in the Admission Agreement that provides: "Unless prohibited by law, if it is necessary for [Hillside] to secure the services of a collection agency and/or an attorney to recover any unpaid charges, Resident/Patient and/or Representative agrees to pay all reasonable costs of collection and/or attorney's fees incurred by [Hillside]."[4] With respect to attorneys' fees, Delaware courts follow the American Rule, which

---

[3] *Donohue v. Donohue*, 2005 WL 1421023, at *2 (Del. Jun. 16, 2005) (TABLE).
[4] Hillside's Renewed Mot. for Summary Judgment, Apr. 12, 2016, Ex. 1 Sec. I(4).

provides that litigants are generally responsible for their own litigation expenses.[5]

However, contracting parties can agree to modify the American Rule.[6]

Accordingly, as the Court found in its June 14, 2016 memorandum opinion,

Hillside is entitled to attorneys' fees and costs pursuant to the executed Admission

Agreement.

4.    Hillside has submitted an affidavit of its counsel, Robert K. Beste, Jr.,

in support of its request for an award of fees of $16,131.00 and costs of $2,255.66.

5.    In considering a request for an award of fees and costs, such fees and

costs must be reasonable.[7] The standard is set forth in Rule 1.5(a)(1) of the

Delaware Lawyers' Rules of Professional Conduct, as follows:

> (1)    the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2)    the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3)    the fee customarily charged in the locality for similar legal services;
>
> (4)    the amount involved and the results obtained;

---

[5] *Dover Historical Soc., Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1089 (Del. 2006) ("[T]he American Rule requires that "a litigant must, himself, defray the cost of being represented by counsel."); *see also Segovia v. Equities First Holdings, LLC*, 2008 WL 2251218, at *23 (Del. Super. May 30, 2008).
[6] *ATP Tour, Inc. v. Deutscher Tennis Bund*, 91 A.3d 554, 558 (Del. 2014); *see also SIGA Techs., Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 352 (Del. 2013).
[7] *General Motors Corp. v. Cox*, 304 A.2d 55, 57 (Del. Super. 1973).

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

6. The standard has been met. Mr. Beste is a member of the Bar of the Delaware Supreme Court, and has practiced law in Delaware for more than 40 years, including the representation of nursing homes throughout the State of Delaware for about 20 years, in various collections, fraudulent transfer, guardianship, and other regulatory matters. Mr. Beste's hourly rate of $270.00 is a discounted rate for Mr. Beste and is also below those fees customarily charged by attorneys with similar experience in the community. Mr. Beste obtained a favorable result for Hillside.

7. The Court of Common Pleas addressed an award of attorneys' fees in the context of a debt collection case. In *Dixon v. Council of Cliff House Condominiums*,[8] the Court awarded significantly more in fees than the debt at issue. The Court noted that "[i]n debt collection litigation, the time involved to collect pennies is much the same as the time to collect many dollars."[9] Moreover,

---

[8] 2009 WL 5455537 (Del. Ct. Cm. Pl.).
[9] *Id.* at *5.

5

the Court emphasized that the litigation conduct of the parties against whom the award was made contributed significantly to the cost of the litigation: "[the parties] exercised legal options that resulted in mounting attorney fees."[10] *Dixon* is directly on point. Here, while the amount of the award is in excess of the fees sought, Hillside's substantial litigation efforts were made necessary by Mr. Poli's litigation strategy and tactics. The attorneys' fees and costs sought by Hillside are reasonable under the circumstances.

8.    The fees and costs incurred by Hillside were reasonable and Hillside has demonstrated that it is entitled to the amounts it seeks against Mr. Poli. Accordingly, an award of fees of $16,131.00 and costs of $2,255.66 shall be awarded against Mr. Poli.

9.    With respect to Ms. Daniel, the fees and costs are substantially less because the litigation against her concluded in April 2015. Based on the affidavit submitted by Mr. Beste, an award of the fees and costs incurred by Hillside through April 2, 2015 are reasonable, specifically fees of $1,417.00 and costs of $381.56 shall be awarded against Ms. Daniel.

---

[10] *Id.* at *6.

**NOW, THEREFORE,** this 15th day of July, 2016, Defendant's Motion for Relief From Judgment is hereby **DENIED** and Plaintiff's Motion for Award of Fees and Costs is hereby **GRANTED.** An additional award (joint and several) is entered in favor of Plaintiff 810 South Broom Street Operations, LLC d/b/a Hillside Center and against Defendant Joseph F. Poli, Jr. in the amount of $18,386.66. An additional award (joint and several) is entered in favor of Plaintiff 810 South Broom Street Operations, LLC d/b/a Hillside Center and against Defendant Rhonda Daniel in the amount of $1,798.56.

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**