IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROBERT McCABE,

        Claimant-below,        :    C.A. No. K17A-02-001 WLW
        Appellant,           :    Kent County

    v.

BAYSIDE ROOFING, INC., a
Delaware corporation,

        Employer-below,
        Appellee.

Submitted: January 26, 2018
Decided: February 13, 2018

## ORDER

Upon Appellant's Application for Attorneys' Fees
*Granted in part; Denied in part.*

Walt F. Schmittinger, Esquire and Gary E. Junge, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorneys for the Appellant.

John J. Ellis, Esquire of Heckler & Frabizzio, Wilmington, Delaware; attorney for the Appellee.

WITHAM, R.J.

Upon consideration of Robert McCabe's Motion for Attorneys' Fees, Bayside Roofing Inc.'s ("Bayside Roofing") Response, and the record of the case, it appears that:

1. On December 27, 2016, the Industrial Accident Board (the "Board") denied Mr. McCabe's Petition for Additional Compensation Due to Injured Employee. Mr. McCabe appealed the Board's decision to this Court, contending: (1) the Board erred when it refused to consider various medical bills that he attempted to introduce at the hearing before the Board; and (2) the Board erred when it denied his petition for additional compensation allegedly still owed, as Mr. McCabe believed that the Board did not have the statutory authority to deny his claim, or, in the alternative, the Board's decision to deny his claim was not based on substantial evidence, nor was it supported by the Board's rules or established case law.[1] The Court concluded that the Board committed legal error when it suppressed the various medical bills because the Board imposed additional requirements for admission of the evidence that are not mandated by the Board's rules and procedures.[2] Therefore, the Board's decision was reversed and remanded with specific stipulations for the Board to consider.[3] Those

---

[1] *McCabe v. Bayside Roofing, Inc.*, 2017 WL 5607026 (Del. Super. Nov. 15, 2017).

[2] *See id.*

[3] Specifically, the Court ordered the Board to consider if:

1. Bayside Roofing received notice of Mr. McCabe's Pre-Trial Memorandum Amendment prior to thirty (30) days before the hearing, held on December 15, 2016, in accordance with IAB Rule 9(6)(a);

proceedings have not yet taken place.

2. Mr. McCabe has now filed a motion seeking an award of attorneys' fees for the work of his attorneys on the appeal to this Court, as well as his attorneys preparation of the petition for fees. Mr. McCabe contends that the Court's decision on appeal affirmed his position before the Board and that an award of attorneys' fees, to include a one-third contingency multiplier, is appropriate at this time. Bayside Roofing opposes Mr. McCabe's request. Bayside Roofing, relying heavily upon *Murtha v. Continental Opticians, Inc,*[4] and *East v. International Game Technology,*[5] contends that there is no basis to conclude that Mr. McCabe's position before the Board was affirmed by this Court on appeal or that there was any additional benefit resulting from the Court's remand. In addition, even if an attorney's fee is appropriate, Bayside Roofing does not believe that a one-third multiplier is proper because the issue of whether Mr. McCabe's medical bills were properly paid is neither novel nor complex.

3. The standard governing an allowance of attorneys' fees for services of a claimant's attorney on appeal in this Court is set forth in 19 *Del. C.* § 2350(f). The

---

2. Bayside Roofing properly objected to the proposed amendment in accordance with IAB Rule 8.

3. The substance of the proposed amendment should be excluded pursuant to the Delaware Rules of Evidence.

[4] *Murtha v. Continental Opticians, Inc.*, 729 A.2d 312 (Del. Super. 1997).

[5] *East v. Int'l Game Tech.*, 2011 WL 3568457 (Del. Super. Jun. 30, 2011).

statute provides, in relevant part, that the Court may allow a reasonable attorney's fee if "the claimant's position before the Board is affirmed on appeal." This language has been a part of the statute since 1994.[6] Prior to that, a claimant could recover attorneys' fees for an appeal only where the claimant both prevailed in the hearing before the Board and successfully defended against an appeal by the employer.[7] The new language was intended to expand the cases where a claimant may seek attorneys' fees at the appellate level to include those where the claimant appeals from an unfavorable or erroneous Board decision and his or her position before the Board is affirmed by the appellate court.[8]

4. Since the 1994 amendment, this Court has on several occasions discussed the issue of attorneys' fees in cases where the claimant appealed from a Board decision and the Court remanded the case to the Board for further proceedings. In *Murtha v. Continental Opticians, Inc.* the court concluded, for reasons set forth therein, that, although the claimant was the appellant, its decision to remand the case for further proceedings was an affirmation of the *employer's* position before the Board, not the claimant's. Since the court did not affirm a position which the claimant had taken before the Board, the application for attorneys' fees at the appellate level was denied, notwithstanding the fact that the claimant was

---

[6] *Murtha*, 729 A.2d at 317.

[7] *Id.* at 316.

[8] *Id.* at 317.

4

"successful" on appeal because she had achieved a remand. The Court also emphasized that attorneys' fees are not recoverable if the position advanced by the claimant in the appeal was not advanced before the Board.

5. In *Bythway v. Super Fresh Food Markets, Inc.,*[9] the Board denied a claimant's request that subpoenas be issued for certain witnesses. After the Board rendered its decision, the claimant appealed this and other issues. The appellate court ruled that the Board committed legal error when it denied the claimant's request for subpoenas and remanded the case to the Board for further proceedings. The claimant then moved for attorney's fees incurred in the appellate proceeding. The employer argued that the motion was premature, but the court rejected that contention. It having been established that the court had affirmed the claimant's position before the Board as to her right to subpoena witnesses, the court reasoned, a request for attorney's fees was not premature. Whether the claimant ultimately received a more favorable award in the remand proceeding or in a subsequent appeal was irrelevant.

6. In *Veid v. Bensalem Steel Erectors,*[10] the claimant sought compensation for disfigurement. At the Board level, his attorney pointed out that disfigurement was compensable at a range of between 0 and 150 weeks and argued that compensation should be based upon various factors such as social and psychological impact, the shape and location of the disfigurement, and the like. The Board awarded three

---

[9] *Bythway v. Super Fresh Food Markets, Inc.,* 1999 WL 1568615 (Del. Super. Nov. 30, 1999).

[10] *Veid v. Bensalem Steel Erectors,* 2000 WL 33113801 (Del. Super. Dec. 28, 2000).

5

weeks of benefits. The employee appealed and argued that the Board had committed error by comparing his disfigurement to disfigurement in other cases. The Court agreed and remanded the case for further proceedings. The claimant then applied to the Court for attorneys' fees for the appeal. In concluding that attorneys' fees could be awarded, the Court observed that the claimant's position before the Board was that compensation should be based upon certain allowable factors. The Court's decision that the Board had considered improper factors, it reasoned, affirmed the claimant's position by implication.

7. Turning to the matter *sub judice*, the Court finds that – despite the parties reliance upon numerous other decisions by the Court[11] – it is compelled to grant Mr. McCabe immediate relief in accordance with the Court's decisions in *Bythway* and *Veid* because the factual similarities between the cases warrant a similar outcome. First, like *Bythway*, the Court finds that it is irrelevant whether or not, on remand, Mr. McCabe is actually awarded benefits because it is clear to the Court that it did not

---

[11] *East v. Int'l Game Tech.*, 2011 WL 3568457 (Del. Super. Jun. 30, 2011) (holding that the decision on appeal did not affirm the claimant's position before the Board where a remand was ordered for further *clarification* because the Board neglected to clearly set forth its reasoning); *Chandler v. Pinnacle Foods*, 2010 WL 3447551 (Del. Super. Aug. 23, 2010) (holding that it was premature for the Court to award attorneys' fees because, even though the Court agreed with the claimant's position before the Board, it remained to be seen whether the claimant would actually be awarded anything by the Board on her claim for benefits); *Flanders v. Peninsula on the Indian River*, C.A. No. 08A-03-002 (Del. Super. Dec. 29, 2008) (holding that the decision on appeal affirmed the claimant's position before the Board where a remand was ordered for the Board's error in failing to award medical expert witness fees); *Woodall v. Playtex Products, Inc.*, 2002 WL 32067548 (Del. Super. Dec. 24, 2002) (holding that the decision on appeal affirmed the claimant's position before the Board where a remand was ordered for the Board's failure to give adequate consideration to the *Cox* factors); *Murtha*, 729 A.2d 312.

merely remand the matter to the Board for clarification regarding the basis of the Board's decision. Rather, the Court explicitly *reversed* and remanded the Board's decision for legal error – the Board's improper application of its own rules and procedures – and the reversal, as explained hereafter in the context of *Veid*, was in Mr. McCabe's favor.[12] Thus, it is appropriate at this time for Mr. McCabe to seek attorneys' fees without waiting until the final outcome of the Court's remand to the Board.[13] Second, like *Veid*, the Court finds that its decision on appeal impliedly affirmed Mr. McCabe's position before the Board. More precisely, the Court notes that like the employee in *Veid*, Mr. McCabe provided the Board with the correct legal standard for the Board to consider. Yet, for some inexplicable reason, the Board ignored Mr. McCabe and instead considered additional factors/requirements not proscribed by the applicable rules and procedures. As the Court determined that the Board should not have considered such factors/requirements, the Court necessarily reversed the Board's decision for legal error and remanded the matter for the proper application of the Board's rules and procedures. Essentially, in effect, the Court's decision impliedly affirmed Mr. McCabe's position before the Board, as to the factors/requirements that should have been considered by the Board. In sum, the Court concludes that Mr. McCabe is entitled to an immediate award of attorneys' fees

---

[12] *See Bythway*, 1999 WL 1568615 at *3 (holding that "where an appellate court reverses the Board's decision due to legal error and where the reversal is in the claimant's favor, then an application for attorneys' fees may be filed after the determination of the legal error occurs").

[13] *See id.*

7

under 19 *Del. C.* § 2350(f).

8. Having found that attorneys' fees are warranted, the Court is now required to make a determination as to the reasonableness of the amount requested. An award of fees under § 2350(f) requires an exercise of judicial discretion in light of the factors set forth in *General Motors Corp. v. Cox.*[14] These eight factors are listed in what is now Delaware Lawyers' Rule of Professional Conduct 1.5(a).[15] Also, the Court must take into account the employer's ability to pay and whether the attorney will receive any fees and expenses from any source other than the Board's award.[16] In this case, Mr. McCabe's attorneys have submitted a Certificate of Attorneys in support of their request for attorneys' fees. The fee applied for is $19,337.50 based on 67.6 hours work by Gary E. Junge, Esquire, at an hourly rate of $250.00 per hour, and 6.5 hours work by Walt F. Schmittinger, Esquire, at an hourly rate of $375.00 per hour.

9. At a hearing on this matter, Bayside Roofing contended that the amount of

---

[14] *General Motors Corp. v. Cox*, 304 A.2d 55 (Del. 1973).

[15] The factors to be considered are: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fees customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent.

[16] *Cox*, 304 A.2d at 57.

8

time reported by Mr. McCabe's attorneys in this matter was excessive. The Court, after a careful consideration of the application for attorneys' fees, and the factors set forth in *Cox*,[17] agrees for the following three reasons. First, the Court believes that there was nothing particularly unique or difficult regarding this litigation, especially considering that the Court reversed the Board's decision after considering a single issue that was resolved by simply ordering the Board to properly apply its own rules. Second, although the Court is sure that Mr. McCabe's attorneys would not inflate the actual amount of time spent on the appeal before this Court, the Court is also aware that counsel will often use less experienced attorneys having a reduced hourly rate. The Court's finding is, of course, not intended as an affront to Mr. Junge. But, as the Court has explained time and again, it is inappropriate for attorneys to charge clients for the lawyer's own edification on an unfamiliar topic. Third, the Court is troubled by the fact that the amount requested in fees by Mr. McCabe's attorneys constitutes more than three times the amount sought by him before the Board on the issue of his unpaid medical bills.[18] Therefore, as a result of considering these factors, the Court finds that it is necessary, in accordance with *Cox*, to reduce the amount of fees recovered by Mr. McCabe's attorneys.[19]

---

[17] *Id.*

[18] *See McCabe v. Bayside Roofing, Inc.*, No. 1363751, at 7 (Del. I.A.B. Dec. 15, 2016) (TRANSCRIPT) (where Mr. McCabe's attorney claimed to seek only $6,210.90 in unpaid medical bills).

[19] *Cox*, 304 A.2d 55.

9

10. Under similar circumstances in *Veid*, the Court reduced the fees requested by counsel from $9,825.00 to $4,000.00, approximately two and one-half times less than the original claimed amount.[20] The Court believes this approach is appropriate in this case as well. Thus, the Court awards Mr. McCabe's attorneys a total of $7,735.00.

11. Finally, in addition to the $19,337.50 sought in attorneys' fees based on an hourly rate, Mr. McCabe's attorneys also seek an additional one-third for the contingent nature of the litigation. Bayside Roofing argues that the issue on appeal is not novel or complex, and therefore, the request for the one-third multiplier is not warranted. The Court agrees. A one-third contingency multiplier "is not to be granted routinely, it is justified where the fee was contingent on success, the outcome was doubtful, and the issues were novel and difficult. Where only the first factor (contingency of the result) exists, an award of one-third additional is not justified."[21] As previously explained, the issues on appeal were not particularly novel or complex.[22] Therefore, the request for the one-third multiplier is denied.

---

[20] *See Veid*, 2000 WL 33113801 at *3.

[21] *Thomason v. Temp Control*, 2002 WL 1587856, at *1 (Del. Super. Jun. 20, 2002) (quoting *Meadows v. Linton*, 2000 WL 33114379, at *1 (Del. Super. Oct. 10, 2000).

[22] *Contra In the Matter of Ronald Cox*, 1984 WL 21201 (Del. Ch. Jun. 7, 1984) (where the Court of Chancery granted a contingency multiplier in a case involving the representation of a physically incapacitated claimant against a worker's compensation carrier before the Board, in an appeal to this Court, and finally in an appeal to the Delaware Supreme Court, which reinstated the Board's holding for the claimant. Unlike the case at hand, the attorneys in *Cox* were faced with the task of achieving a permanency benefits settlement between the carrier and the claimant, which was

12. In light of the foregoing, Mr. McCabe's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. The amount of $7,735.00 in attorneys' fees is awarded.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

interrelated with the work the attorneys had done on a prior worker's compensation suit for the claimant. This circumstance made the issues involved more novel and difficult, such that the Court of Chancery granted the contingent multiplier. Furthermore, the attorneys in the *Cox* decisions represented the claimant in an appeal to the Delaware Supreme Court after this Court found for the carrier. On this basis, the attorneys' representation of the claimant was deemed to have only a slim chance of success.).