# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALICIA WEDDLE, as Personal Representative of the Estate of JOSEPH GONZON, Deceased, | ) ) ) ) | |
| Claimant/Appellant, | ) ) | |
| v. | ) ) | C.A. No. N18A-06-004 ALR |
| BP AMOCO CHEMICAL COMPANY, | ) ) ) | |
| Employer/Appellee. | ) ) | |

Submitted:  August 14, 2020
Decided:  August 26, 2020

*Upon Claimant/Appellant's Application for Attorneys' Fees*
**GRANTED in part**

## MEMORANDUM OPINION

Patrick C. Gallagher, Esquire, David T. Crumplar, Esquire, Jacobs & Crumplar, P.A., Wilmington, Delaware, Attorneys for Claimant/Appellant.

Paul A. Bradley, Esquire, Antoinette D. Hubbard, Esquire, Maron Marvel Bradley Anderson & Tardy LLC, Wilmington, Delaware, Attorneys for Employer/Appellee.

**Rocanelli, J.**

This is a request for award of attorneys' fees in a worker's compensation matter. Claimant/Appellant Alicia Weddle, as Personal Representative of the Estate of Joseph Gonzon ("Claimant"), was successful in a mesothelioma benefits claim despite settling claims for asbestosis more than thirty years previously. In the appeal from a decision of the Industrial Accident Board ("IAB"), this Court addressed an issue of first impression, ruling that Claimant's claim for mesothelioma was not resolved by a 1982 settlement of asbestosis claims. After reversal and on remand for determination on the merits, the IAB ruled in Claimant's favor. Now Claimant seeks an award of attorneys' fees award pursuant to 19 *Del. C.* § 2350(f).

## BACKGROUND

Claimant was employed by BP Amoco Chemical Corporation ("Employer") from 1968 to 1980. During that time, Claimant was exposed to asbestos and developed asbestosis. In 1982, Claimant settled his claims for work-related asbestosis ("1982 Settlement"). In 2016, however, Claimant was diagnosed with peritoneal mesothelioma. In April 2017, Claimant filed a workers' compensation claim for mesothelioma developed as the result of exposure to asbestos in the workplace ("Mesothelioma Petition"). Claimant died on September 28, 2017, as the result of peritoneal mesothelioma. Claimant is survived by his wife.

During the initial IAB proceedings, Employer filed a motion to dismiss, which the IAB granted by decision dated May 24, 2018. The IAB found that the 1982

2

Settlement precluded Claimant from seeking additional compensation related to asbestos exposure.

By Opinion dated April 26, 2019, this Court reversed the IAB's May 24 decision.[1] The Court found that the 1982 Settlement did not waive the claims filed in 2017 because Claimant's mesothelioma did not manifest until 2016.[2] Because "[a]n agreement that . . . waives or dismisses a claim for any injuries resulting from an accident that has not yet occurred is void," the 1982 Settlement could not have waived claims based on Claimant's mesothelioma.[3] Accordingly, the Court reversed the IAB's May 24 decision and remanded the case to the IAB for consideration of the merits of Claimant's petition.

Before the IAB reached a decision on remand, Claimant filed the instant application for attorneys' fees pursuant to 19 *Del. C.* § 2350(f). Alternatively, Claimant sought modification of the Court's April 26 Opinion to retain this Court's jurisdiction over the application for attorneys' fees pending the IAB's decision on remand. By Order dated June 13, 2019, this Court, "[i]n the interest of judicial economy," deferred Claimant's application and modified the April 26 Opinion to

---

[1] *See Weddle v. BP Amoco Chem. Co.*, 2019 WL 1896503, at *4–5 (Del. Super. Apr. 26, 2019).
[2] *See id.* at *2–5.
[3] *Id.* at *4.

clarify that the Court retains jurisdiction over the application until the IAB rendered a final decision on remand.[4]

On January 10, 2020, an IAB Hearing Officer issued a decision on remand, finding that "Claimant has established, more likely than not, that his mesothelioma was a compensable occupational disease causally related to his employment at Employer."[5] The Hearing Officer also awarded Claimant attorneys' fees in connection with the IAB hearing as well as medical witness fees.[6]

On June 1, 2020, Claimant filed a letter with the Court requesting consideration of Claimant's application for attorneys' fees in light of the IAB's January 10 decision as to the compensability of Claimant's mesothelioma. Employer filed a response in opposition to Claimant's request, arguing that consideration of Claimant's application for attorney's fees is still premature because the IAB had not yet issued a decision on the amount of compensation due.

On July 21, 2020, the Court heard oral argument on both the request for consideration of the attorney's fees application and the merits of the application. At the Court's request, the parties filed supplemental submissions addressing (1) the nature of the fee arrangement between Claimant and Claimant's counsel, in light of

---

[4] *Weddle v. BP Amoco Chem. Co.*, 2019 WL 2484270, at *2 (Del. Super. June 13, 2019).
[5] *Gonzon v. BP Amoco Chem. Grp.*, No. 1456181, at 11 (Del. I.A.B. Jan. 10, 2020).
[6] *Id.*

4

Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct; (2) the fee affidavit submitted by Claimant's counsel in the IAB proceedings; and (3) whether the IAB has approved an attorney's fees award to Claimant's counsel based on the rates requested in the instant application.

## **DISCUSSION**

### I.      **Claimant's Request for Consideration of the Application**

The scope of this Court's April 26 Opinion was limited to whether the 1982 Settlement precluded claims related to Claimant's mesothelioma. As it related to the Court's Opinion, the IAB's task on remand was to determine whether Claimant's mesothelioma is compensable. The IAB found Claimant's mesothelioma compensable in its January 10 decision. Accordingly, the Court is satisfied that interests of judicial economy no longer favor deferral of the instant application for attorneys' fees.

### II.     **Claimant's Application**

Section 2350(f) gives the Superior Court discretion to award "a reasonable fee to claimant's attorney for services on an appeal from the [IAB] to the Superior Court . . . where the claimant's position in the hearing before the [IAB] is affirmed on appeal."[7] Awards of attorneys' fees under Section 2350(f) are therefore based on a twofold inquiry. First, a claimant's eligibility for attorneys' fees depends on the

---

[7] 19 *Del. C.* § 2350(f).

Court's finding that the claimant's position before the IAB was affirmed on appeal. Second, if the claimant's position was affirmed on appeal, then the Court must determine what fee is reasonable.

It is undisputed that Claimant's position before the IAB was affirmed on appeal. This Court has explained that "in cases where the claimant is the appellant, the claimant must have pursued the specific position they are arguing on appeal at the [IAB] proceeding."[8] The particular action taken by the Court on appeal, whether it is remanding, reversing, or requesting clarification from the IAB, is not the determining factor. Rather, it is this Court's affirming of a claimant's position before the IAB that determines whether the Court will grant attorneys' fees.[9] Here, Claimant argued, both before the IAB and this Court, that the 1982 Settlement did not preclude recovery for future injuries, such as Claimant's 2016 manifestation of mesothelioma. The IAB disagreed with Claimant, but this Court agreed and accordingly reversed the IAB's decision. Accordingly, Claimant's position in the hearing before the IAB was affirmed on appeal.

To determine what fee is reasonable, the Court considers the factors outlined by the Delaware Supreme Court in *General Motors Corp. v. Cox*[10] and incorporated into Delaware Lawyers' Rule of Professional Conduct 1.5(a):

---

[8] *Murtha v. Continental Opticians, Inc.*, 729 A.2d 312, 317–18 (Del. Super. 1997).
[9] *Elliott v. State*, 2012 WL 7760033, at *2 (Del. Super. Dec. 24, 2012).
[10] 304 A.2d 55 (Del. 1973).

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fees customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.[11]

Claimant's application seeks $42,860 for 126.70 hours of work performed by three lawyers and one paralegal, all of whom charge different rates based on experience, as follows: Thomas Crumplar, Esquire, 14.90 hours of work at $600 per hour; Patrick Gallagher, Esquire, 35.90 hours of work at $400 per hour; David Gallagher, Esquire, 68.40 hours of work at $275 per hour; and paralegal Suzanne Wham, 7.5 hours of work at $100 per hour.

---

[11] *Id.* at 57 (quotation marks omitted); *see also* Del. Laws.' R. Pro. Conduct 1.5(a).

The Court appreciates that the appeal involved novel issues never addressed by the Delaware courts and therefore required considerable time, labor, and skill.[12] The Court also appreciates that parts of the record stretched back over 40 years. Moreover, the Court acknowledges that the hours billed by each person is commensurate with that individual's skill and that the time spent helped to produce a favorable outcome for Claimant. Accordingly, the Court is satisfied with the hours worked by each member of Claimant's legal team.

The Court also recognizes that the rates charged vary with each individual's experience, ability, and skill. However, the Court is not satisfied that Claimant's counsel has shown that the rates charged are commensurate with those customarily charged in Delaware workers' compensation cases. Indeed, this Court's recent decisions addressing attorneys' fees under Section 2350(f) suggest that the rates customarily charged for IAB appeals are lower than those requested by Claimant's counsel.[13] In addition, Claimant's counsel has not provided any decisions by this

---

[12] *See Weddle*, 2019 WL 1896503, at *1 ("The question of whether an employee is entitled to workers' compensation for mesothelioma despite settling claims for asbestosis more than thirty years previously has not previously been addressed by this Court.").

[13] *See Bank of Am. v. Robinson-McKnight*, 2012 WL 3637287, at *9 (Del. Super. Aug. 23, 2012) ("Awards of attorneys['] fees pursuant to 19 *Del C.* § 2350(f) have ranged in recent cases from $200.00 per hour to $300.00 per hour . . . ." (footnotes omitted)); *see also, e.g., Bruce v. Chrysler Grp.*, 2012 WL 2353538, at *2 (Del. Super. June 13, 2012) (finding a $250 hourly rate reasonable when charged by an experienced workers' compensation lawyer who was admitted to the Delaware Bar for 24 years); *Falconi v. Coombs & Coombs, Inc.*, 2006 WL 3393489, at *3 (Del.

Court granting attorneys' fees at the rates requested. Finally, Claimant has provided no information to assess whether the rate charged for paralegal services aligns with the customary rates for such services in Delaware.[14]

Guided by the relevant *Cox* factors, the Court shall adjust the rates requested to fashion a reasonable attorneys' fee award. As noted, the underlying appeal involved novel issues of first impression and therefore required considerable time and labor.[15] Accordingly, the first factor favors Claimant's application.[16] Although the compensation owed to Claimant has not yet been determined by the IAB, Claimant's counsel obtained a favorable result for Claimant and the fourth *Cox* factor therefore favors Claimant's application.[17] The seventh factor—the experience

---

Super. Nov. 21, 2006) (finding a $300 hourly rate reasonable when charged by an experienced workers' compensation lawyer who was admitted to the Delaware Bar for 25 years); *Zenith Prods. Corp. v. Rodriguez*, 2006 WL 1520192, at *1 (Del. Super. June 5, 2006) (finding $275 per hour was "on the high end of the spectrum" but nonetheless reasonable in light of counsel's experience and 17 years as a member of the Delaware Bar).

[14] Claimant's application represents that Ms. Wham has 23 years of experience as a paralegal, which the Court factors into its adjustment to the rate awarded.

[15] *See Weddle*, 2019 WL 1896503, at *1 ("The question of whether an employee is entitled to workers' compensation for mesothelioma despite settling claims for asbestosis more than thirty years previously has not previously been addressed by this Court.").

[16] *See Cox*, 304 A.2d at 57 ("The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.").

[17] *See id.* ("The amount involved and the results obtained.").

of Claimant's legal team[18]—also favors Claimant's application, as Thomas Crumplar, in particular, has significant experience with workers' compensation cases. On the other hand, Claimant's application does not show that the rates charged by Claimant's legal team are consistent with those customarily charge in the locality for similar legal services. Moreover, recent decisions of this Court addressing applications for attorneys' fees under Section 2350(f) suggest that the customary rates for the legal services provided here are considerably lower than the rates requested, even when the claimant's lawyer has significant experience.[19] Accordingly, the third *Cox* factor weighs against the hourly rates requested in Claimant's application.[20]

Therefore, in consideration of these factors, the Court shall award attorney's fees based on the following adjusted rates, which the Court finds are reasonable:

---

[18] *See id.* ("The experience, reputation, and ability of the lawyer or lawyers performing the services.").

[19] *See Robinson-McKnight*, 2012 WL 3637287, at \*9 ("Awards of attorneys['] fees pursuant to 19 *Del C.* § 2350(f) have ranged in recent cases from \$200.00 per hour to \$300.00 per hour . . . ." (footnotes omitted)); *see also, e.g.*, *Bruce*, 2012 WL 2353538, at \*2 (finding a \$250 hourly rate reasonable when charged by an experienced workers' compensation lawyer who was admitted to the Delaware Bar for 24 years); *Falconi*, 2006 WL 3393489, at \*3 (finding a \$300 hourly rate reasonable when charged by an experienced workers' compensation lawyer who was admitted to the Delaware Bar for 25 years); *Rodriguez*, 2006 WL 1520192, at \*1 (finding \$275 per hour was "on the high end of the spectrum" but nonetheless reasonable in light of counsel's experience and 17 years as a member of the Delaware Bar).

[20] *See Cox*, 304 A.2d at 57 ("The fees customarily charged in the locality for similar legal services.").

- Thomas Crumplar: $450 per hour;

- Patrick Gallagher: $300 per hour;

- David Crumplar: $200 per hour; and

- Suzanne Wham: $50 per hour.

As stated, the Court is satisfied with the amount of hours requested by Claimant's counsel. Accordingly, the Court shall award attorneys' fees as follows:

|  | Hours | x | Rate | = | Total |
|---|---|---|---|---|---|
| Thomas Crumplar | 14.9 | x | $ 450.00 | = | $ 6,705.00 |
| Patrick Gallagher | 35.9 | x | $ 300.00 | = | $ 10,770.00 |
| David Crumplar | 68.4 | x | $ 200.00 | = | $ 13,680.00 |
| Suzanne Wham | 7.5 | x | $ 50.00 | = | $ 375.00 |
| **Total** |  |  |  |  | **$ 31,530.00** |

**NOW, THEREFORE, this 26th day of August 2020:**

    1.     Claimant's application for attorneys' fees is hereby GRANTED in part;

    2.     Claimant is awarded $31,530.00 in attorneys' fees.

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**