# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WAYNE FORAKER,                           )
                                         )
    Claimant Below -                 )
    Appellant,                       )
                                         )   C.A. No. N19A-12-001 ALR
    v.                               )
                                         )
AMAZON.COM, INC.,                        )
                                         )
    Employer Below -                 )
    Appellee.                        )

Submitted: December 31, 2020
Decided: January 12, 2021

***Upon Application for Attorneys' Fees***
**GRANTED**

## ORDER

Upon consideration of the Application for Attorneys' Fees and Application for Supplemental Attorneys' Fees filed by Wayne Foraker ("Claimant"); the Response in opposition thereto filed by Amazon.com, Inc., ("Employer"); the Superior Court Rules of Civil Procedure; the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.    Claimant applies for an attorneys' fee award following a successful Superior Court appeal from an Industrial Accident Board ("IAB") decision pursuant to 19 *Del. C.* § 2350(f). In that appeal, the Court reversed the IAB's denial of

additional workers' compensation benefits and remanded the matter to the IAB for further proceedings to address a legal error and the absence of substantial evidence supporting the IAB's findings of fact regarding Claimant's injury.[1]

2.     This Court denied Employer's motion for reargument and/or clarification by Order dated December 11, 2020 and denied Employer's application for certification of an interlocutory appeal by Order dated January 4, 2021.

3.     Pursuant to 19 *Del. C.* § 2350(f), the Superior Court has discretion to award reasonable attorneys' fees for an appeal from an IAB decision "where claimant's position in the hearing before the [IAB] is affirmed on appeal."[2]  "The legislative intent behind the statute creates a right for a successful claimant to obtain attorneys['] fees for the time spent preparing for the appeal from an unfavorable [IAB] decision."[3]

4.     In addressing the issue of what constitutes an affirmance of the claimant's position before the IAB, the Court explained that "in cases where the claimant is the appellant, the claimant must have pursued the specific position they are arguing on appeal at the [IAB] proceeding."[4]  The particular action taken by the Court on appeal, whether it is remanding, reversing, or requesting clarification from

---

[1] *Foraker v. Amazon.com, Inc.*, 2020 WL 6503589 (Del. Super. Nov. 5, 2020).
[2] 19 *Del. C.* § 2350(f).
[3] *Elliott v. State*, 2012 WL 7760033, at *1 (Del. Super. Dec. 24, 2012).
[4] *Murtha v. Cont'l Opticians, Inc.*, 729 A.2d 312, 317–318 (Del. Super. 1997).

the IAB, is not the determining factor. Rather, it is this Court's affirming of a claimant's position before the IAB that determines whether the Court will grant attorneys' fees.[5]

5. Awards of attorneys' fees under Section 2350(f) are based on a twofold inquiry.

6. First, a claimant's eligibility for attorneys' fees depends on the Court's finding that the claimant's position before the IAB was affirmed on appeal. Where, as occurred here, the Court finds in favor of a claimant due to the IAB's legal error and reverses the IAB's decision, "the claimant may seek attorneys' fees without waiting until the final outcome of the case."[6]

7. Second, if the claimant's position was affirmed on appeal, then the Court must determine what fee is reasonable. To determine what fee is reasonable, the Court considers the factors outlined by the Delaware Supreme Court in *General Motors Corp. v. Cox*[7] and incorporated into Delaware Lawyers' Rule of Professional Conduct 1.5(a):

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

---

[5] *Elliott*, 2012 WL 7760033, at * 2.
[6] *Id.*
[7] 304 A.2d 55 (Del. 1973).

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fees customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.[8]

7.      The total amount of attorneys' fees sought in this matter are $8,913.33 for 19.1 hours at an hourly rate of $350.00 per hour.[9]

8.      The hours billed by Claimant's counsel are commensurate with that individual's skill and that the time spent helped to produce a favorable outcome for Claimant.  Court also notes it was necessary for Claimant's counsel to respond promptly to a motion for reargument as well as to an application for certification of interlocutory appeal.  Accordingly, the Court is satisfied with the hours worked by Claimant's counsel on behalf of Claimant.

---

[8] *Id.* at 57 (quotation marks omitted); *see also* Del. Laws.' R. Pro. Conduct 1.5(a).
[9] In his first application, Claimant sought $8,213.33 for 17.6 hours at an hourly rate of $350.00.  In his supplemental application, Claimant seeks an additional $700.00 for 1.5 hours at the same hourly rate expended by Claimant's counsel opposing reargument and certification of an interlocutory appeal.

9.     The Court also recognizes that the rates charged vary with experience, ability, and skill.[10]   The Court is satisfied that Claimant's counsel has shown that the rate charged is commensurate with those customarily charged in Delaware workers' compensation cases, as well as properly reflective of counsel's experience, reputation, and ability.[11]

10.     Although the compensation owed to Claimant has not yet been determined by the IAB, Claimant's counsel obtained a favorable result for Claimant. Analysis of the *Cox* factors favors Claimant's application.

---

[10] Claimant's counsel, Craig T. Eliassen, Esquire, has significant experience with workers' compensation cases.

[11] *See Bank of Am. v. Robinson-McKnight*, 2012 WL 3637287, at *9 (Del. Super. Aug. 23, 2012) ("Awards of attorneys['] fees pursuant to 19 *Del C.* § 2350(f) have ranged in recent cases from $200.00 per hour to $300.00 per hour . . . ." (footnotes omitted)); *see also, e.g.*, *Weddle v. BP Amoco Chem. Co.*, 2020 WL 5049233, at *3 (Del. Super. Aug. 26, 2020) (granting fees at a rate of $450 per hour for a lawyer with similar years of experience); *Bruce v. Chrysler Grp.*, 2012 WL 2353538, at *2 (Del. Super. June 13, 2012) (finding a $250 hourly rate reasonable when charged by an experienced workers' compensation lawyer who was admitted to the Delaware Bar for 24 years); *Falconi v. Coombs & Coombs, Inc.*, 2006 WL 3393489, at *3 (Del. Super. Nov. 21, 2006) (finding a $300 hourly rate reasonable when charged by an experienced workers' compensation lawyer who was admitted to the Delaware Bar for 25 years); *Zenith Prods. Corp. v. Rodriguez*, 2006 WL 1520192, at *1 (Del. Super. June 5, 2006) (finding $275 per hour was "on the high end of the spectrum" but nonetheless reasonable in light of counsel's experience and 17 years as a member of the Delaware Bar).

**NOW, THEREFORE,** this 12th day of January 2021, Claimant's application and supplemental application for attorneys' fees are **GRANTED.** Claimant is awarded **$8,913.33** in attorneys' fees.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**