# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **C&D CONTRACTORS**, **INC.** | ) |
| | ) |
| Employer-Below/Appellant | ) |
| Cross-Appellee, | ) C.A. No.: N22A-04-002 FJJ |
| | ) |
| | ) CITATION ON APPEAL |
| v. | ) FROM THE DECISION OF |
| | ) THE INDUSTRIAL |
| **WILLIAM McLAUGHLIN, JR.**, | ) ACCIDENT BOARD OF THE |
| | ) STATE OF DELAWARE |
| Claimant-Below/Appellee | ) NEW CASTLE COUNTY, |
| Cross-Appellant. | ) HEARING NO. 1478363 |

*Submitted: January 27, 2023*
*Decided: February 3, 3023*

## OPINION AND ORDER

*Upon Consideration of Claimant's Motion for Attorneys' Fees and Costs*
**GRANTED**, in part, and **DENIED**, in part.

David Crumplar, Esquire, of JACOBS & CRUMPLAR, PA, Wilmington, Delaware, *Attorney for William McLaughlin, Jr*.

Linda Wilson, Esquire, of MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PC, Wilmington, Delaware, *Attorney for C&D Contractors*.

**Jones, J.**

## INTRODUCTION

Before the Court is a Motion for Attorneys' Fees and a Motion for Costs pursuant to 19 *Del. C.* § 2350(f), filed by counsel for the Estate of William McLaughlin (the "Estate"). Section 2350(f) provides that where a worker's compensation claimant successfully appeals a position taken before the Industrial Accident Board (the "Board" or the "IAB"), a reasonable attorney's fee may be allowed for the time spent on the appeal. This fee, if allowed, is taxed against the employer without depleting the claimant's award. The Estate's Motion is opposed by C&D Contractors ("C&D"), the employer and appellant below. For the reasons that follow, the Estate's Motion will be **GRANTED**, in part, and **DENIED**, in part.

## FACTUAL OVERVIEW

This opinion assumes familiarity with the case and includes only those facts necessary to the Court's analysis. For a more comprehensive factual recitation, the Court directs readers to its previous Opinion affirming, in part, and reversing, in part, the Board's initial order.[1]

Before the Board, the Estate contended the triggering event for calculating death benefits in the asbestos context was the date of Mr. McLaughlin's mesothelioma diagnosis. C&D, on the other hand, argued the date of Mr. McLaughlin's last exposure to asbestos should serve as the triggering event. Ultimately, the Board agreed with the Estate and found the date of diagnosis to be the triggering event for

---

[1] *McLaughlin v. C&D Contractors*, 2022 WL 17683750 (Del. Super. Dec. 14, 2022).

the average weekly wage calculation. But, the Board sided with C&D in regards to the average weekly *rate* calculation and used the rate in effect at the time of Mr. McLaughlin's last asbestos exposure in 1989.

Thereafter, both sides appealed the Board's findings to this Court. The Estate challenged the Board's holding as to the average weekly wage calculation; C&D, on the other hand, took issue with the weekly rate the Board subjected to its analysis. By opinion dated December 14, 2022, the Court partially affirmed and partially reversed the Board's decision, finding the date of mesothelioma diagnosis to control the calculation of *both* the weekly wage and weekly rate. To the extent there is any doubt, this means the Estate's position was affirmed on appeal.

## STANDARD OF REVIEW

Section 2350(f) gives the Court discretion to award a "reasonable fee to [the] claimant's attorney for services on an appeal from the [IAB] to the Superior Court … where the claimant's position in the hearing before the [IAB] is affirmed on appeal."[2] These awards are based on a "twofold inquiry."[3] First, a claimant's eligibility for attorneys' fees depends on the Court finding the claimant's position before the IAB was affirmed on appeal.[4] Second, if the claimant's position was affirmed on appeal, then the Court must determine what fee is reasonable.[5]

---

[2] 19 *Del. C.* § 2350(f).
[3] *Weddle v. BP Amoco Chemical Co.*, 2020 WL 5049233, at *2 (Del. Super. Aug. 26, 2020).
[4] *Id.* As discussed above, the Court so finds.
[5] *Id.*

## ANALYSIS

Because the Board's only task on remand will be to enforce the Court's order, the Court is satisfied the Estate's Motions for Fees and Costs are not premature.[6] And, as mentioned above, it is undisputed that the Estate's position before the Board was affirmed on appeal. Thus, the Court must turn to what fees, if any, are reasonable under § 2350(f).

### A. The Paralegal Fees

Preliminarily, the Court will address C&D's contention that paralegal fees are unrecoverable under § 2350(f), which broadly provides, in relevant part, for recovery of "a reasonable fee to the claimant's attorney for *services*."[7] Upon careful review, the Court disagrees.

First, had the General Assembly intended for "services" to merely mean attorneys' fees, it easily could have said so.[8] But, presumably by design, it did not. And, more importantly, a far-reaching interpretation of "services" achieves the General Assembly's purpose of reducing requested fees, as it encourages attorneys to pass work to a person with a lower billable rate while assuring recovery of the fees under § 2350(f).[9]

---

[6] *See Chandler v. Pinnacle Foods*, 2010 WL 3447551, at *1 (Del. Super. Aug. 23, 2010) (deferring award of attorneys' fees until the Board determined if the claimant "[would] actually be awarded anything by the Board on her claim [on remand]." *Id.*

[7] 19 *Del. C.* § 2350(f) (emphasis added).

[8] Of course, attorneys' fees, by definition, do not include paralegal fees.

[9] *See P.J.M. v. F.M.*, 1998 WL 59843, at *4 (Del. Super. June 9, 1988) (finding the phrase "all or part of the costs of the other party of maintaining or defending" broad enough to include fees incurred by a legal assistant or paralegal).

In short, because the word "services" is broad enough to include paralegal fees, and this interpretation will ultimately reduce the fees requested under statute, the Court will award the fees accordingly.

### B. The "Reasonable" Fees

In determining a reasonable amount of attorneys' fees, the factors set forth in the Delaware Lawyers' Rules of Professional Conduct[10] and the Delaware Supreme Court's holding in *General Motors Corp. v. Cox*[11] serve as a guide. These factors include:

> 1) The time and labor required; the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly; 2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; 3) the fees customarily charged in the locality for similar legal services; 4) the amount involved and the results obtained; 5) the time limitations imposed by the client or by the circumstances; 6) the nature and length of the professional relationship with the client; 7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 8) whether the fee is fixed or contingent.[12]

The Estate's application seeks $34,502 for 103.4 hours of work performed by two lawyers and one paralegal, all of whom charge different rates based on experience, as follows: Thomas Crumplar, Esquire, 18.5 hours of work at $675 per hour; David Crumplar, Esquire, 65 hours of work at $300 per hour; and paralegal Paula Ainsworth, 19.9 hours of work at $125 per hour.

---

[10] DEL. LAWYERS RULES OF PROF'L CONDUCT 1.5(A) (2003).
[11] 304 A.2d 55 (Del. 1973).
[12] *Id.* at 57.

5

The Court understands this appeal involved a novel issue, and, therefore, required considerable time, labor, and skill. The Court also acknowledges the hours billed by each person on the Estate's legal team is commensurate with that individual's skill, and that the time spent helped to produce a favorable outcome for the Estate. Accordingly, the Court is comfortable with the hours worked by each member of the Estate's counsel.

Next, the Court turns to the appropriate hourly rate. Roughly two years ago, this Court had occasion to address the hourly rate of the Estate's counsel in *Weddle v. BP Amoco Chemical Company*.[13] There, the *Weddle* Court approved reduced rates for Thomas Crumplar at $450 per hour, David Crumplar at $200 per hour, and a paralegal at $50 per hour.[14]

In light of *Weddle* and the relevant *Cox* factors, the Court will adjust the rates requested to fashion a reasonable attorneys' fees award. As noted, the underlying appeal involved a novel issue and, consequently, required considerable time and labor. So, the first Cox factor favors the Estate's application.

Additionally, the fourth *Cox* factor favors the Estate's counsel because the legal team obtained a favorable result for the Estate. And, given Thomas Crumplar's significant experience with workers' compensation cases, the seventh factor favors the Estate, as well.

---

[13] 2020 WL 5049233, at *3.
[14] *Id.* at *4.

The third factor, however, weighs against the Estate's requested rates. It bears mention that the Estate's counsel has failed to demonstrate the rates it charged are consistent with those customarily charged in the locality for similar legal services. As *Weddle* noted, "recent decisions of this Court addressing applications for attorneys' fees under § 2350(f) suggest [] the customary rates for the legal services provided here are considerably lower than the rates requested, even when the claimant's lawyer has significant experience."[15]

In consideration of the above, the Court shall award attorney's fees based on the following adjusted rates, which the Court finds are reasonable:[16]

- Thomas Crumplar: $500 per hour;

- David Crumplar: $250 per hour; and

- Paula Ainsworth: $100 per hour.

And because the Court is satisfied with the amount of hours requested by Claimant's counsel, it will award attorneys' fees as follows:

|  | Hours | Rate | Total |
|---|---|---|---|
| Thomas Crumplar | 18.5 | $500 | $9,250.00 |
| David Crumplar | 65 | $250 | $16,250.00 |
| Paula Ainsworth | 19.9 | $100 | $1,990.00 |
| **Total:** | | | **$27,490.00** |

---

[15] *Id.*

[16] In light of the rise in inflation rates and passage of time since *Weddle* was issued, the Court has adjusted the attorneys' fee rate from the *Weddle* rates.

### C. The Estate's Request for Costs

Finally, the Estate seeks moves for costs in the amount of $221.25. C&D, in response, correctly points out that § 2350(f) does not cover costs. Nevertheless, 10 *Del. C.* § 5101 does. As such, the Court will award the requested costs, in full, under § 5101.

### CONCLUSION

Based on the foregoing, the Estate's application for attorneys' fees is **GRANTED**, in part, and **DENIED**, in part. The Estate is awarded $27,490.00 in attorneys' fees and $221.25 in costs.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._

Francis J. Jones, Jr., Judge

/jb
*via File N'Serve Xpress*

8